## AMERICAN LOCOMOTIVE CO. v. GYRO PROCESS CO. et al.

### No. 11137.

United States Court of Appeals
Sixth Circuit.

Nov. 24, 1950.

Frank D. Eaman and Walter Meek, Detroit, Mich. (Charles H. Tuttle, Tyler M. Bartow, New York City, and Walter M. Meek, Detroit, Mich., on the brief; Dyer, Angell, Meek & Batten, Detroit, Mich., of counsel), for appellant.

Howell Van Auken, Detroit, Mich. (Howell Van Auken and Lawrence Rothenberg, Detroit, Mich., on the brief), for appellees.

Before HICKS, Chief Judge, and Mc-ALLISTER and MILLER, Circuit Judges.

MILLER, Circuit Judge.

The appellant filed this action in the District Court to require the appellees, Gyro Process Company and Chemical Research Corporation, to proceed with arbitration of claims made by them against the appellant by reason of an alleged breach of contract in accordance with the provisions of Section 4 of the United States Arbitration Act. 9 U.S.C.A. § 4. Appellant has appealed from an order denying arbitration.

This Court has heretofore considered another phase of the same controversy between the parties. The underlying facts are given in detail in the opinion of the Court in American Locomotive Company v. Chemical Research Corp., 6 Cir., 171 F.2d 115. A brief summary is sufficient for this appeal.

On June 19, 1940, Chemical Research Corporation (hereinafter called Chemical) filed suit in the State Court of Michigan against the appellant American Locomotive Company (hereinafter called Locomotive). On August 30, 1940, Gyro Process Company (hereinafter called Gyro), filed suit in the State Court of Michigan against the appellant Locomotive and others. The actions were removed to the U. S. District Court and later consolidated for trial. Both suits involve the same question, and as we did in our former opinion, we will refer to the proceedings in the Gyro suit. The actions arose out of contracts of June 16, 1932, between the parties. Paragraphs 4 and 9 of the contract provided for arbitration of certain disputes arising under the contract. On February 8, 1941, Locomotive filed an answer and counter-claim which denied the material allegations of the complaint and set up six special defenses. The fourth of these special defenses referred to the arbitration provisions of the contract, pleaded that no such arbitration had been had or demanded by Gyro and that accordingly it was not entitled to bring the action. Locomotive did not at that time move for a stay of proceedings pending arbitration. After numerous motions and proceedings, set out in detail in our former opinion, Locomotive, on March 22, 1948, moved for an order staying further proceedings pending arbitration, in accordance with the provisions of Section 3 of the Arbitration Act, 9 U.S.C.A. § 3. The stay was denied by the District Court, and that ruling was affirmed by this Court on appeal on December 8, 1948. American Locomotive Co. v. Chemical Research Corp., 6 Cir., 171 F.2d 115. Section 3 of the Arbitration Act provided for a stay only in case the applicant was not in default in proceeding with the arbitration. In our opinion, the delay of over seven years on the part of Locomotive in moving for a stay was unreasonable and constituted "default" on its part in proceeding with the arbitration. Certiorari was denied February 7, 1949, 336 U.S. 909, 69 S.Ct. 515, 93 L.Ed. 1074.

Thereafter on February 10, 1949, Locomotive filed the present action in the District Court against Gyro and Chemical, proceeding in this action under Section 4 of the Arbitration Act, 9 U.S.C.A. § 4. The complaint set out the contracts of June 16, 1932, the arbitration provisions contained in Paragraphs 4 and 9 thereof, alleged willingness and desire to have the claims heard and determined by arbitration, and stated that both Gyro and Chemical instituted and were proceeding with their

suits without resorting or offering to resort to arbitration. The complaint prayed that as provided by Section 4 of the Arbitration Act, the Court order Gyro and Chemical to proceed with arbitration of the claims made by them against Locomotive in the consolidated suit and join with Locomotive in the appointment of the board of arbitrators as provided in Paragraph 9 of the contract. Gyro and Chemical pleaded among other defenses that Locomotive had never prior to March 22, 1948 shown any desire for arbitration, but had set forth the matter of arbitration solely as a bar to the maintenance of the two suits in the District Court, and by its conduct had waived any right to seek arbitration. The District Judge, in an opinion which carefully reviewed and analyzed the foregoing proceedings, was of the opinion that Locomotive had waived its contract right of arbitration and entered an order denying the prayers of the petition. This appeal followed.

■ Section 3 of the Arbitration Act, which was involved in the other appeal, provides for a stay of the trial of an action pending in the district court until arbitration has been had in accordance with the terms of an arbitration agreement. Section 4 of the Arbitration Act, which is involved in this appeal, provides that a party aggrieved by the refusal of another to arbitrate under a written agreement for arbitration may petition "for an order directing that such arbitration proceed in the manner provided for in such agreement." A refusal to stay proceedings under Section 3 of the Act is not a bar to a later action to compel specific performance of an agreement to arbitrate under Section 4 of the Act. Shanferoke Co. v. Westchester Co., 293 U.S. 449, 55 S.Ct. 313, 79 L.Ed. 583; In re Pahlberg Petition, 2 Cir., 131 F.2d 968. In American Locomotive Co. v. Chemical Research Corp., supra, we denied a stay under Section 3 of the Act,

but did not pass upon appellant's rights under Section 4 of the Act. We stated that the right of arbitration provided by contract could be waived by the parties, but found it unnecessary to decide whether Locomotive had waived such right. Accordingly, that ruling is not a bar to Locomotive's present proceeding under Section 4 of the Act. The issue presently before us is whether Locomotive has by its actions in the pending district court cases waived its contract right of arbitration of which it is now seeking specific performance.

■ Appellant first contends that Section 4 of the Arbitration Act does not permit the court to adjudge a waiver of the contract right of arbitration, contending that the statute limits the action of the court to ascertaining that the making of the agreement for arbitration and the failure to comply therewith are not in issue.[1] It is argued that if the Court finds that neither of those facts is in issue the statute requires the court automatically to make the order directing the parties to proceed to arbitration. We do not agree. We stated on the former appeal that the contract right of arbitration could be waived, and we adhere to that conclusion. Galion Iron Works v. Adams, 7 Cir., 128 F.2d 411, 413; American Sugar Refining Co. v. The Anaconda, 5 Cir., 138 F.2d 765, affirmed 322 U.S. 42, 64 S.Ct. 863, 88 L.Ed. 1117; Matter of Zimmerman v. Cohen, 236 N.Y. 15, 19, 139 N.E. 764. Section 4 of the Act merely provides the procedure for enforcing the right provided by the contract. If that right, although originally existing, has been lost so that it no longer exists, there is nothing for Section 4 to enforce.

■ Appellant's chief contention is that its actions in the district court litigation did not constitute a waiver of its contract right of arbitration. It accepts the generally recognized definition that a waiver is an intentional relinquishment of a known right. It points out that it asserted

---

1. Section 4 reads in part as follows: "The Court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement."

its contract right of arbitration on February 8, 1941, when it filed its answer and counter-claim to the complaint in the Gyro suit; that it at no time withdrew that defense or receded from that position; that its actions thereafter were consistent with that position; and that following a long delayed filing of an amended and supplemental complaint on December 19, 1947, at which time it was first able to be completely advised of the full extent of Gyro's claims, it sought enforcement of its contract right of arbitration by asking for a stay of proceedings under Section 3 of the Arbitration Act on March 22, 1948. This contention was carefully considered and answered by the District Judge in his opinion which is reported in 87 F.Supp. 754, 763. That opinion, after reviewing and analyzing the proceedings in detail, concludes with the statement—"From the four corners of a voluminous record I am led to the inescapable conclusion that the petitioner waived its contract right of arbitration." In our opinion, the proceedings in the District Court, as reviewed by the District Judge, fully sustain the conclusion reached by him and the entry of the order denying the petition.

The following summary is sufficient to give the underlying basic facts supporting that ruling. Gyro instituted its action against Locomotive on August 30, 1940. Locomotive filed its answer and counter-claim on February 8, 1941. At that time, it pleaded as a bar to the action the arbitration provisions of the contract, but did not move for a stay of proceedings pending arbitration. An amended declaration was filed on June 15, 1942, to which Locomotive filed a motion to dismiss on June 26, 1942. A second amended declaration was filed on September 30, 1943. On October 20, 1943, an agreed order was entered extending the time for answer to November 30, 1943. Thereafter up to and including February 25, 1946, 27 additional agreed orders extending the time for answer were filed. On February 25, 1946, Gyro moved for an order to consolidate for trial the two pending district court actions. On March 1, 1946, the cases were consolidated and set for trial at the fall 1946 term of court. At that time Locomotive objected to a trial date at the June term but indicated its willingness and readiness to try at the fall term. There was no objection by Locomotive to the setting of the trial date in the district court based on its claimed right to arbitrate. However, the case was not tried at the fall term. Thereafter between March 14, 1946 and March 24, 1947, 12 additional consent orders extending time for answer were filed. On December 19, 1947, Gyro filed an amended and supplemental complaint following which two additional orders were entered extending time to plead, the second one extending such time to March 22, 1948. Finally on March 22, 1948, more than seven years after first pleading Gyro's failure to arbitrate as a bar to the action, appellant made its application for a stay of proceedings under Section 3 of the Arbitration Act.

In the meantime, on May 27, 1942, Locomotive applied for the right to examine Gyro's officers and records, stating that such examination was material and necessary for use as evidence in the action. Orders granting such discovery were entered June 22, 1942. In the colloquy between court and counsel, counsel repeatedly referred to his purpose of preparing for trial and to the trial of the case itself. At one point, counsel stated that they could wait "until we get *into court*" or "prepare this case in such a way that we aren't going to be *here* in the trial of this case over a period of a couple of years, * * *." (Italics added.) On January 14, 1946, Locomotive applied for enlargement of its discovery orders. Counsel stated at the time that it would avoid the necessity of going over the records in the course of trial, and that it would save the Court and themselves a lot of time to examine the records before they got into the trial. We find no merit in appellant's contention that arbitration is a method of trial and that counsel's reference to the "trial" could be a reference to arbitration instead of a reference to a jury trial. In addition to such a construction being a very strained

one, counsel's use of the words "court" and "here" (the parties being in the court at the time) refute that contention.

In November, 1940, Gyro applied for the right to examine officers and records of Locomotive in order "to prepare for trial of this cause." An order granting such discovery was entered January 22, 1941. Gyro commenced its examination in New York on May 6, 1941. Locomotive refused disclosure of many requested exhibits, and on June 11, 1941, Gyro sought a ruling from the District Judge who suggested amendments to the declaration to cover the items in dispute. Amended declarations were filed on June 15, 1942 and September 30, 1943. Gyro's examination and discovery was not resumed until September 4, 1946. It thereafter continued at irregular intervals until November 7, 1947. Gyro claims to have incurred obligations and expenditures of approximately $200,000 in preparing for trial. As stated in our former opinion, a trial before arbitrators may present different problems and involve a different method of presentation of evidence than does a trial before a jury, and Gyro may have handled the matter differently if the dispute was to be arbitrated.

The filing of the original action by Gyro on August 30, 1940 was notice to Locomotive that Gyro was refusing to arbitrate the dispute under the arbitration provisions of the contract. At that time, it could have proceeded under Section 4 of the Arbitration Act for a specific performance of the arbitration provisions. Locomotive could have and should have decided at that time, or within a reasonable time thereafter, which of the two methods of procedure it would elect to follow, either insist on its contract right of arbitration or prepare for trial by jury. The two methods were inconsistent enough to require an election between them. It made no attempt to enforce its rights under Section 4 of the Act until the present action was filed on February 10, 1949. It did not apply for a stay of proceedings under Section 3 of the Act until March 22, 1948. On the contrary, as shown by the proceedings referred to above, and as stated by the District Judge, it "actively participated in a law suit as a defendant anticipating court trial of the issues". Its election to try by jury was seasonably made, and thereafter adhered to, by many court proceedings on the part of both litigants, over a period of a number of years before filing of the amended and supplemental complaint on December 19, 1947. It is no answer for Locomotive to now say that no election was presented until the filing of that pleading. The pleading did not make any material change in the general nature of the alleged cause of action, which was fully apparent to Locomotive upon the filing of the original complaint. It provided no valid reason for Locomotive to rescind its previous election. We agree with the trial judge that such conduct in the trial court amounted to an intentional relinquishment of its known right to arbitrate.

Appellant also contends that any initial waiver of its right to arbitration is not effective or binding because it is not supported by any consideration. It is true that an executory waiver, being in the nature of a promise or a contract, must be supported by consideration in order to be enforceable. But a waiver, partaking of the principle of an election, like an election needs no consideration, and cannot be retracted. It partakes of the nature of an executed transaction. U. S. Fidelity & Guaranty Co. v. Miller, 237 Ky. 43, 34 S.W.2d 938, 76 A.L.R. 12, and cases cited therein; Lee v. Casualty Co. of America, 90 Conn. 202, 96 A. 952. See: Trippe v. Provident Fund Society, 140 N.Y. 23, 35 N.E. 316, 22 L.R.A. 432; Kiernan v. Dutchess County Mutual Ins. Co., 150 N.Y. 190, 44 N.E. 698. In the present case the appellee pleaded in its answer that the appellant "by its course of conduct, delay, default and election * * * has waived any right (if any such ever existed) to seek arbitration, and has estopped itself therefrom." In the action filed against it by Gyro, appellant had the election to defend and try in the District Court or to insist on arbitration as provided by its contract. If appellant's actions constituted an election to try in the District Court, which is

our view of the matter, it operated as a waiver of its right to proceed by arbitration.

The judgment of the District Court is affirmed.