**SIAM FEATHER & FOREST PRODUCTS COMPANY, INC., Plaintiff,**

v.

**MIDWEST FEATHER COMPANY, INC., Defendant.**

Civ. No. C–1–79–624.

United States District Court,
S. D. Ohio, W. D.

Dec. 22, 1980.

William R. Hardy, Cincinnati, Ohio, for plaintiff.

Leon L. Wolf, Cincinnati, Ohio, for defendant.

## ORDER

CARL B. RUBIN, Chief Judge.

The Siam Forest and Feather Products Company, LTD (Siam) filed an action in this Court seeking damages for breach of contract and a permanent injunction against the defendant, Midwest Feather Company, Inc. (Midwest), enjoining it from proceeding with arbitration to resolve disputes which have arisen between the parties. Siam invoked the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. Midwest responded to the plaintiff's complaint by filing a motion for a stay of this action and for an order compelling arbitration. The Court's power to stay proceedings and refer a dispute to arbitration is governed by 9 U.S.C. § 3 which reads as follows:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

This matter is now before the Court upon Midwest's motion for a stay and to compel arbitration. The parties have filed extensive memoranda, affidavits, and supporting documents. This dispute arose over contracts between the parties for the supplying of down by Siam to Midwest. Shipments under the contracts began in August, 1976, and continued through the fall of 1977. The particulars of each sale were negotiated between the parties and all of the contracts were governed by a standard printed form entitled "Terms and Conditions".

One of the background disputes is Midwest's assertion that Siam breached the contract by delivering down that did not meet contract quality specifications. Siam

maintains that Midwest's assertion was merely a subterfuge and an attempt by Midwest to escape a contract that was no longer financially advantageous because of a change in the feather and down market conditions. Siam's breach of contract allegations in the complaint were based upon Midwest's failure to accept shipments of down under the contract, and its refusal to pay for certain shipments already received.

Siam has also asserted that the parties achieved settlement and accord of their dispute which Midwest later repudiated. Siam claims that Midwest waived any right to arbitration by entering into a settlement and accord and by participating in this action.

Siam further maintains that Midwest's failure to comply with Paragraph Six of the "Terms and Conditions" precludes any breach of contract claim and any reference to arbitration in accordance with Paragraph Eight. Paragraph Six reads in pertinent part as follows:

> On sales of goods from any place outside of the United States, whether to be shipped or afloat, any claim must be made within twenty (20) days from landing of goods on dock.... In the event of any dispute, 10% of the original unopened packages must be available and in default of the production of such percentage, no claim shall be made or allowed.

Prior to addressing any of the claims on the merits, the Court must determine whether or not arbitration is mandated under the contract.

## I. ARBITRABILITY

### A. *Threshold Review*

The question of whether a controversy is arbitrable under the contract is a question for the Court to decide upon an examination of the contract. *International Union v. Benton Harbor Malleable Industries*, 242 F.2d 536 (6th Cir. 1957) *cert. denied*, 355 U.S. 814, 78 S.Ct. 15, 2 L.Ed.2d 31 (1957); *Atkinson v. Sinclair Refining Co.*, 370 U.S. 238, 241, 82 S.Ct. 1318, 1320, 8 L.Ed.2d 462 (1962); *Local 205, IUE v. General Electric Co.*, 233 F.2d 85, 101 (1st Cir. 1956), *aff'd* 353 U.S. 547, 77 S.Ct. 921, 1 L.Ed.2d 1028 (1957); *International Brotherhood of Teamsters, Local 249 v. Western Pennsylvania Motor Carriers Ass'n*, 574 F.2d 783, 787 (3d Cir. 1978), *cert. denied*, 439 U.S. 828, 99 S.Ct. 102, 58 L.Ed.2d 122 (1978).

The arbitration clause in the contracts between Siam and Midwest is found in Paragraph Eight of the "Terms and Conditions" and reads as follows:

> (8) Any controversy or claim arising out of or relating to this contract or the breach thereof shall be settled by arbitration in New York, New York in accordance with the rules of the American Arbitration Association and judgment upon the award rendered by the arbitrator or arbitrators may be entered in any court having jurisdiction thereof. This agreement is made under, and shall be construed in accordance with, the laws of the State of New York.

In examining any arbitration clause, the Court must bear in mind the strong presumption in favor of arbitrability set forth in the *Steelworkers Trilogy*. *United Steelworkers v. American Mfg. Co.*, 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960); *United Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960); *United Steelworkers v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960). Arbitrability "should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage." *United Steelworkers v. Warrior & Gulf Navigation Co.*, *supra*, 363 U.S. at 581, 80 S.Ct. at 1352; *American Radiator & Standard Sanitary Corp. v. Local 7, International Brotherhood of Operative Potters, AFL-CIO*, 358 F.2d 455 (6th Cir. 1966). The "federal policy in favor of arbitration . . . is true in the realm of commercial transactions as well as labor relations." *Georgia Power Co. v. Cimarron Coal Corp.*, 526 F.2d 101 (6th Cir. 1975), *cert. denied* 425 U.S. 952, 96 S.Ct. 1727, 48 L.Ed.2d 195 (1976).

### B. *Prerequisites to Arbitration*

█ The Court's responsibility is to determine whether the parties have a duty to arbitrate their dispute under the terms of their agreement. Once arbitration is selected as the proper forum, the arbitrator determines all issues of procedural arbitrability, i. e. whether the party demanding arbitration has complied with all precedent conditions set forth in the agreement itself. *See John Wiley & Sons v. Livingston*, 376 U.S. 543, 84 S.Ct. 909, 11 L.Ed.2d 898 (1964). The *Wiley* court determined that where questions of compliance with the procedural prerequisites to arbitration are inexorably tied to the substantive aspects of the dispute, the arbitrator should decide both the "procedural" and "substantive" matters. This has been the policy of the United States Court of Appeals for the Sixth Circuit. *Western Automatic Machine Screw Co. v. International Union, UAA and AIW*, 335 F.2d 103 (6th Cir. 1964); *Local No. 824, United Brotherhood of Carpenters and Joiners v. Brunswick*, 342 F.2d 792 (6th Cir. 1965).

█ Siam claims that compliance with paragraph six of the "Terms and Conditions" of the contracts is a prerequisite to arbitration. This argument raises questions of procedural arbitrability concerning the merits of the dispute and therefore it must be decided by the arbitrator. The most favorable construction of Siam's argument views compliance with paragraph six as a prerequisite to the duty to arbitrate. However, an examination of the "Terms and Conditions" of these contracts does not support such a construction. The "Terms and Conditions" are all independent provisions and the arbitration clause in paragraph eight is not conditional or tied to any other provision in the contract. Nor is there any indication that any of the contract's provisions are exempted from the broad arbitration clause. *See Georgia Power Co. v. Cimarron Coal Corp., supra* at 106.

## II. WAIVER OF ARBITRATION

█ A party may waive any of its contractual rights, including the right to arbitration. The waiver may be express or it may be implied when the party actively participates in litigation or acts inconsistently with its rights to proceed with arbitration. *American Locomotive Co. v. Gyro Process Co.*, 185 F.2d 316 (6th Cir. 1950); *See, Cornell & Co. v. Barber & Ross Co.*, 360 F.2d 512, 513, notes 2 and 3 (D.C.Cir.1966); *Germany v. River Terminal Railway Co. and Norfolk & Western Railway Co.*, 477 F.2d 546 (6th Cir. 1973).

Siam argues that Midwest waived its right to arbitration by participation in this litigation and alternatively by entering into a binding accord and settlement of the dispute and then waiting approximatey ten months following that settlement before submitting its demand for arbitration.

### A. *Participation in Litigation*

█ Participation by Midwest in this litigation has been minimal since the filing of the complaint on October 29, 1979. Immediately following the filing of the complaint, Midwest filed a notice to take depositions. On December 12, 1979 Midwest filed a motion for a protective order to stay discovery and then on December 17th Midwest filed a motion to stay the proceedings and for an order compelling arbitration. Both parties have filed supporting memoranda and reply memoranda setting out their positions in regard to the protective orders and the requested stay and order compelling arbitration. No discovery has actually occurred. In addressing the question of whether or not a party has waived its right to arbitration by participation in litigation, the Court must examine both the nature and the extent of the participation in the suit by the party seeking arbitration.

█ In view of the case law which has deemed even greater participation in litigation than we have here to be insufficient to constitute a waiver of a right to arbitrate, the Court finds no support for the contention that Midwest has waived its right to arbitrate. For example, a party may file an answer to a complaint, e. g., *ITT World Communications, Inc. v. Communications*

*Workers of America,* 422 F.2d 77 (2d Cir. 1970); or even file an answer and a counterclaim without waiving its right to arbitration, e. g., *General Guaranty Ins. Co. v. New Orleans General Agency, Inc.,* 427 F.2d 924 (5th Cir. 1970). *See generally* 98 A.L. R.3d 767. Midwest's minimal participation in this suit has not been inconsistent with its request for arbitration or prejudiced plaintiff's claim.

### B. *Settlement and Subsequent Delay*

In determining whether Midwest's other actions have prejudiced Siam and require a waiver of the right to arbitrate, the Court must evaluate considerations of an equitable nature. The test is one of reasonableness, *American Locomotive Co. v. Gyro Process Co., supra,* and the Court must consider the situation of the parties, the nature of the transaction, and the facts of this particular case. *See Williston on Contracts,* 3d Ed., § 1923. The delay between the time of settlement discussions and Midwest's demand for arbitration has not prejudiced Siam's rights under the contract. The effect of such a delay in light of paragraph six of the "Terms and Conditions" and the apparent breach of that provision by Midwest is a matter for the arbitrator.

Siam's assertion that Midwest waived its arbitration rights by entering into a settlement is also disputed. Any agreement that may have been reached was immediately repudiated by Midwest. The Court finds no indication of prejudice to Siam by this turn of events over such a brief period.

There is also authority for the proposition that all questions of waiver should go to the arbitrator. *Robert Lawrence Co. v. Devonshire Fabrics Co.,* 271 F.2d 402 (2d Cir. 1959). The Court in *Robert Lawrence* strongly endorsed the policy favoring arbitration, and upon a finding of a valid arbitration provision the Court stated that "it is immaterial . . . that Devonshire . . . asserts that Lawrence by later inconsistent acts waived any right[s] . . . " *Id.* at 411.

As stated above, issues of waiver for failure to comply with paragraph six of the "Terms and Conditions" are for the arbitrator.

Accordingly, defendant's motion for a stay of proceedings and an Order compelling arbitration is hereby granted. The parties are directed forthwith to proceed in accordance with the Rules of the American Arbitration Association and to report to this Court within thirty (30) days of the date of this Order on the status of such arbitration.

IT IS SO ORDERED.