Phillip E. ANDRIOT, et al., Plaintiffs,

v.

QUICKPRINT OF AMERICA, INC., et al., Defendants.

No. C-1-82-803.

United States District Court, S.D. Ohio, E.D.

Jan. 28, 1983.

---

gust 16, 1982, plaintiffs commenced this lawsuit against defendant Quickprint of America pursuant to 28 U.S.C. § 1332 alleging breach of franchise agreements, misrepresentation, fraud and unfair and deceptive practices in violation of R.C. §§ 1345.01 *et seq.* Thereafter, defendant Quickprint of America filed a motion to dismiss for failure to join an indispensable party. In addition, defendant Quickprint of America filed a motion to stay this action pending arbitration and a motion to dismiss Count VIII of plaintiffs' initial complaint.

On November 18, 1982, plaintiffs, partly in response to defendant Quickprint of America's motions, filed a motion to amend their complaint. Plaintiffs' amended complaint added federal antitrust allegations, withdrew Count VIII of the initial complaint, and also named four additional defendants including Quickprint, Inc., the alleged indispensable party. In addition, plaintiffs filed a motion in opposition to defendant Quickprint of America's motions to dismiss and to stay pending arbitration.

Thereafter, a number of additional motions were filed by the parties. First, defendants filed a motion to dismiss Count VII of the first amended complaint, which motion was opposed by plaintiffs. Defendants also filed a motion for an extension of time in which to file an answer to the first amended complaint. Finally, plaintiffs filed a motion to compel discovery. All of these matters are now before the Court for decision.

■ Initially, the Court will address plaintiffs' motion to file an amended complaint. It appears to the Court that plaintiffs' amended complaint in part is an attempt to remedy the defects noted by the defendant in its original motion to dismiss. This fact does not alter the mandate of Rule 15(a) that leave to amend should be "freely given when justice so requires." Fed.R.Civ.P. 15(a). Accordingly, plaintiffs' motion to file an amended complaint is hereby GRANTED. In this same vein, defendants' motion for an extension of time to file an answer to the first amended com-

Glenn V. Whitaker, Cincinnati, Ohio, Glen DeValerio, Peter A. Pease, Boston, Mass., for plaintiffs.

James Q. Doran, Cincinnati, Ohio, John F. Dienelt, Washington, D.C., for defendants.

## MEMORANDUM AND ORDER

DUNCAN, District Judge.

This matter is before the Court on a number of pretrial motions. Prior to disposing of these motions, the Court believes that a brief review of the facts giving rise to this litigation, as well as the procedural history of the case, is necessary. On Au-

plaint is hereby GRANTED. The defendants are hereby directed to tender an answer within ten days after the issuance of this order.

■ Having concluded that plaintiffs should be permitted to file an amended complaint, defendant Quickprint of America's motion to dismiss for failure to join an indispensable party, and the motion to dismiss Count VIII of plaintiffs' initial complaint are moot and will not be considered by the Court.

Finally, there are three additional motions pending in this action which are ripe for decision. Prior to ruling on either defendants' motion to dismiss Count VII of plaintiffs' first amended complaint or plaintiffs' motion to compel discovery, the Court will address defendants' motion to stay pending arbitration.

■ Plaintiffs do not dispute the fact that all licensing agreements involved in this litigation, with two exceptions,[1] contain mandatory arbitration provisions which provide in pertinent part that

> Any controversy, dispute, or question arising out of, in connection with, or in relation to this agreement or its interpretation, performance or non-performance or any breach thereof shall be determined by arbitration before an arbitrator selected by or in accordance with the rules of the American Arbitration Association.

Pursuant to the broad language of the mandatory arbitration provision, the Court believes that all plaintiffs' claims, except plaintiffs' allegations of antitrust violations, are subject to arbitration. *See Siam Feather & Forest Products Co. v. Midwest Feather Co.,* 503 F.Supp. 239 (S.D.Ohio 1980), *aff'd.,* 663 F.2d 1073 (6th Cir.1982); *Lee v. Ply\*Gem Industries, Inc.,* 593 F.2d 1266, 1274 (D.C.Cir.), *cert. denied,* 441 U.S. 967, 99 S.Ct. 2417, 60 L.Ed.2d 1073 (1979); *Janmort Leasing, Inc. v. Econo-Car International, Inc.,* 475 F.Supp. 1282 (E.D.N.Y. 1979); *Coleman v. National Movie-Dine Inc.,* 449 F.Supp. 945 (E.D.Pa.1978).

The Court is not persuaded by plaintiffs' contention that allegations of misrepresentation or fraud are sufficient to avoid the effect of the arbitration clause. *See Prima Paint Corp. v. Flood & Conklin Manufacturing Co.,* 388 U.S. 395, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967). Furthermore, the Court is not convinced that compulsory arbitration is precluded in this case by virtue of public policy considerations.[2] Finally, the Court cannot agree with plaintiffs' argument that the Court should refuse to enforce the arbitration clauses of the franchise agreements because plaintiffs' antitrust claims "permeate" their remaining claims. *See Big Apple Cookie Co. v. Springwater Cookie Co.,* 517 F.Supp. 367

---

**1.** Two of the plaintiffs in this action executed franchise agreements which do not contain the same arbitration provision as that quoted in the text of this order. First, plaintiff Ronald E. Laipply executed a license agreement which contains a broad arbitration clause which varies slightly from that quoted in the text. Since the Court does not believe that the two arbitration provisions are significantly different, the result reached with regard to the agreements which contain the arbitration provision quoted in the text is equally applicable to the agreement executed by Laipply. Second, the franchise agreement executed by plaintiff James Streicher does not contain any arbitration clause. Therefore, the arbitration requirement would not bar consideration of plaintiff Streicher's allegations. However, in light of the fact that the Streicher agreement is similar to the other plaintiffs' franchise agreements, in all important respects except for the arbitration provision, the Court believes it would benefit by staying consideration of the Streicher allega-

tions until such time as an arbitrator has considered the claims of the remaining plaintiffs under their respective franchise agreements.

**2.** Plaintiffs also put forth two additional arguments for their position that arbitration is not required. First, plaintiffs contend that their contractual claims should not be subject to arbitration because the franchise agreements are contracts of adhesion. This argument is simply without merit. Plaintiffs further contend that defendants waived their right to enforce the arbitration clause of the franchise agreement by filing other lawsuits to enforce provisions of the franchise agreement. This argument is also without merit. *See Siam Feather & Forest Products Co., Inc. v. Midwest Feather Co.,* 503 F.Supp. 239, 242 (S.D.Ohio), *aff'd.,* 663 F.2d 1073 (6th Cir.1980); *Gavlik Construction Co. v. H.F. Campbell Co.,* 526 F.2d 777, 783 (3d Cir.1975).

(S.D.Ohio 1981). Plaintiffs' claim that defendants conspired and combined to restrain trade and fix prices is separate and ancillary to plaintiffs' claims regarding defendants' failure to perform contractual obligations. The facts necessary to prove a violation of the Antitrust Laws in this case are significantly independent and separate from the facts needed to prove a breach of contract. Therefore, the Court can discern no rational reason for refusing to enforce the arbitration provisions of these franchise agreements.

In conclusion, this action is STAYED pending the arbitration of all plaintiffs' claims, other than plaintiffs' claims of antitrust violations. Since the Court has stayed further proceedings pending arbitration, it is not necessary at this point to rule on either plaintiffs' motion to compel discovery or defendants' motion to dismiss Count VII of the first amended complaint. For the reason set forth above, defendants' motion to stay is hereby GRANTED.

So ORDERED.