The **CENTRAL TRUST COMPANY, N.A., Plaintiff,**

v.

**ANEMOSTAT PRODUCTS DIVISION, et al., Defendants.**

No. C–1–83–1533.

United States District Court, S.D. Ohio, W.D.

May 3, 1985.

Todd H. Bailey, Cincinnati, Ohio, for plaintiff.

Joseph Jordan, Leonard Weakley, Jr., C.J. DeMichelis, Cincinnati, Ohio, for defendants.

1. Paragraph 30 of Glenway's purchase order form reads as follows:

### ORDER

CARL B. RUBIN, Chief Judge.

This matter is before the Court on two summary judgment motions filed by defendant Anemostat Products Division Dynamics Corporation of America ("Anemostat"). One seeks dismissal of the Complaint for plaintiff's failure to submit the dispute to arbitration as required by the terms of the parties' contract. (Doc. No. 24). The second motion asks this Court to dismiss the suit because plaintiff lacks standing. (Doc. No. 18). For the reasons set forth below, both motions are DENIED.

### I. Facts

The predicate for this action was a contract between Glenway Sheet Metal, Inc. ("Glenway") and defendant Anemostat. The contract provided that Anemostat sell Glenway a quantity of variable air volume ("V.A.V.") boxes for installation in the ventilation system of St. Francis-St. George Hospital by Glenway. The boxes failed to perform as required and Glenway incurred substantial expenses in correcting the problem.

Glenway owed plaintiff a large sum of money and in settlement of the debt assigned to plaintiff the proceeds of any claim it might have against defendant.

### II. Arbitration

Almost 15 months after commencement of this suit and almost three months after a postponement of the trial date, defendant moved for summary judgment dismissing the Complaint because of failure to arbitrate. Defendant's position is that the contract between it and Glenway contained an arbitration clause that acts as a condition precedent to recovery. Since plaintiff has not availed itself of that mandatory arbitration, the argument goes, plaintiff has failed to satisfy a condition of the contract and cannot therefore recover under it. Assuming for the purposes of this Motion only that the contract in question does include a mandatory arbitration clause,[1] plaintiff's

Any controversy or claim relating to this contract or a breach thereof shall be settled

position lacks merit because it ignores the governing law in the area.

■ The United States Arbitration Act states that a written provision in any contract "evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract ... shall be valid, irrevocable, and enforceable save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2 (1982). Through the Act, Congress created a body of federal substantive law establishing and regulating the duty to honor any contract to arbitrate. *Moses H. Cone Memorial Hospital v. Mercury Construction Co.,* 460 U.S. 1, 25 n. 32, 103 S.Ct. 927, 942 n. 32, 74 L.Ed.2d 765 (1983). That body of federal substantive law provides litigants with only three options when litigating a contract containing a mandatory arbitration clause. They can move to stay the judicial proceeding pending arbitration, move to compel arbitration, or waive the right to arbitrate. 9 U.S.C. §§ 3, 4 (1982); *American Locomotive Co. v. Chemical Research Corp.,* 171 F.2d 115 (6th Cir.), *cert. denied,* 336 U.S. 909, 69 S.Ct. 515, 93 L.Ed. 1074 (1949). By moving to have the Complaint dismissed, defendant here has requested an option not available to it. Its request must, therefore, be denied. Further its position in this case must be deemed a waiver of the right to arbitrate.

■ The right to arbitrate can be waived like any other contract right. 171 F.2d at 121. The filing of a responsive pleading would constitute such a waiver. *Id.* The filing of a complaint is notice to a defendant that the plaintiff is refusing to arbitrate. At that point, or within a reasonable time thereafter, defendant must decide whether to proceed to trial or invoke Sections 3 or 4 of the Arbitration Act. *American Locomotive Co. v. Gyro Process Co.,* 185 F.2d 316 (6th Cir.1950). A substantial participation in litigation would result in

prejudice to the opposing party. *See United States v. S.T.C. Construction Co.,* 472 F.Supp. 1023 (E.D.Pa.1979).

This Court granted a § 3 Motion to Stay in *Siam Feather & Forest Products Co. v. Midwest Feather Co.,* 503 F.Supp. 239 (S.D. Ohio 1980), *aff'd.,* 663 F.2d 1073 (6th Cir. 1981), where defendant made its motion within three weeks of the filing of the complaint. No responsive pleading had been made nor had any discovery been conducted. Here, by contrast, the case stands ready for trial. Discovery has been completed and the Final Pre-Trial Conference has been held. The case awaits only the advent of its trial date.

To treat defendant's conduct as anything but a waiver of its right to arbitration would prejudice plaintiff by unduly delaying adjudication of its claim and exposing it to expenses and discovery not available in the arbitration proceedings. Further, a nonwaiver resolution of the motion would undermine Congress's goal in enacting the Act of expediting the resolution of disputes. H.R.Rep. No. 96, 68th Cong., 1st Sess., 2 (1924). To dismiss the action or force the parties into arbitration now would further delay a case that has already been pending almost 19 months.

■ Defendant's only answer to the above analysis is to argue that the arbitration clause is a mandatory condition precedent to the bringing of a lawsuit. The same mandatory arbitration language appeared in several other cases however, and it did not bar a finding of waiver. *See e.g., Cornell & Co. v. Barber & Ross Co.,* 360 F.2d 512 (D.C.Cir.1966); *American Locomotive Co. v. Chemical Research Corp.,* 171 F.2d 115 (6th Cir.1949); *Weight Watchers of Quebec Ltd. v. Weight Watchers, Int'l., Inc.,* 398 F.Supp. 1057 (E.D.N.Y. 1975). Nor does this Court find it an impediment to waiver. Defendant's Motion for Summary Judgment on arbitration grounds is therefore DENIED.

by arbitration in accordance with the rules of the American Arbitration Assn. (within the state of the corporation of the purchaser). Judgment upon the award rendered by the

arbitration may be entered in any court having jurisdiction thereof.
(Doc. No. 25, Ex. A).

### III. Standing

■ Defendant's next Motion for Summary Judgment asserts that plaintiff lacks standing to bring the lawsuit. (Doc. No. 18). Standing refers to a constitutional requirement that judicial power extend only to cases and controversies. U.S. Const. art. III, § 2. Cases and controversies exist when there is an actual injury redressable by the Court. *Workers' Compensation Program v. Perini North River Associations*, 459 U.S. 297, 305, 103 S.Ct. 634, 641, 74 L.Ed.2d 465 (1983).

Clearly, such an injury is present here and plaintiff has an arguable claim for that injury by virtue of its settlement agreement with Glenway. Defendant argues, however, that the settlement agreement between Glenway and plaintiff did not give plaintiff any legal right to recover for the injury alleged.

The parties agree that plaintiff's right to recover on Glenway's claim against defendant for faulty V.A.V. boxes derives from paragraph 7 of the Settlement and Release Agreement between plaintiff and Glenway. (Doc. No. 19, Ex. A). The provision states that "Glenway will, and hereby does, assign to Central Trust, the proceeds, if any, from its claim against Anemostat Products Division Dynamics Corporation of America. Glenway further agrees to execute any and all documents requested by Central Trust for the purpose of perfecting this Assignment." Defendant argues that paragraph 7 entitles plaintiff to only the proceeds of the claim, not the right to collect on the claim. Apparently recognizing the problem with the provision, plaintiff and Jack J. McDonald executed a second Assignment on September 24, 1984, retroactive to December 31, 1982. The second Assignment states that McDonald, sole shareholder of Glenway Investments, Inc., formerly doing business as Glenway Sheet Metal, Inc., currently a dissolved corporation, gives plaintiff full rights to collect his claim against defendant. (Doc. No. 21, Ex. C).

This second Assignment would seem to resolve the motion in plaintiff's favor because if defendant's contention is correct, and the original Assignment did not give plaintiff the right to recover on the claim, the second Assignment certainly did. In defendant's reply to plaintiff's production of the second Assignment, the only fault it finds with the second Assignment is that it did not exist at the time the Complaint was filed. Defendant reasons that plaintiff did not, therefore, have standing at that time to bring the suit. Defendant cites in support of its contention *Railroad Co. v. Hutchins*, 37 Ohio St. 282 (1881).

Needless to say, the philosophy of pleading has come a long way since 1881. Under the Federal Rules of Civil Procedure, the purpose of pleading is to facilitate a proper decision on the merits, not to mire the case in technicalities. *Foman v. Davis*, 371 U.S. 178, 181–82, 83 S.Ct. 227, 229–30, 9 L.Ed.2d 222 (1961). Rule 15(d) speaks directly to the question at hand. It allows any party, upon leave of Court, to serve supplemental pleadings "setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." Fed.R.Civ.P. 15(d). This Rule would control in a diversity case over any Ohio law to the contrary. *Hanna v. Plumer*, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965).

Such a supplement here, however, would be an unnecessary formality. The Complaint states that plaintiff is the assignee of "certain claims" of Glenway against defendant. (Doc. No. 1, ¶ 4). The second Assignment necessitates no change in that statement, nor does Rule 8(a)'s requirement of a short and plain statement of the claim. To give defendant the relief it requests, on either Motion, would senselessly prolong this already lengthy and costly litigation. Therefore, defendant's Motions for Summary Judgment are DENIED.

IT IS SO ORDERED.