**Munir M. UWAYDAH, Plaintiff,**

v.

**VAN WERT COUNTY HOSPITAL, et al., Defendants.**

**No. 3:00CV7640.**

United States District Court, N.D. Ohio, Western Division.

June 24, 2002.

Munir M. Uwaydah, M.D., Santa Monica, CA, pro se.

Charles M. Murray, Michael P. Harvey, Patrick G. Warner, Timothy L. Sprague, Murray & Murray, Sandusky, for Munir M. Uwaydah, M.D., Plaintiff.

C. Philip Baither, III, Ted Kurt, Robison, Curphey & O'Connell, Toledo, OH, James L. Rogers, Eastman & Smith, Toledo, OH, for Van Wert County Hospital, Mark J. Minick, Defendants.

Gerald R. Kowalski, Cooper & Walinski, Toledo, OH, for Paulding County Hosp., movant.

Gary O. Sommer, Ronnie K. Purphree, Watkins, Bates & Carey, Toldedo, OH, for Medical College of Ohio, movant.

Richard S. Koblentz, Koblentz & Koblentz, Cleveland, OH, for Timothy L. Sprague, movant.

ORDER

CARR, District Judge.

Pending is a motion by the plaintiff, Munir M. Uwaydah, to stay or to compel arbitration. This court has jurisdiction pursuant to 28 U.S.C. § 1332. Resolution of this motion is governed by the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.* For the following reasons, plaintiff's motion shall be denied.

Plaintiff's request for sanctions pursuant to Fed.R.Civ.P. 11 shall be denied, without prejudice to renew.

## BACKGROUND

This dispute arises from a medical services agreement (the "Agreement") between plaintiff, a medical doctor, and defendant Van Wert Hospital (the "Hospital"). The Agreement contains an arbitration provision:

> Any controversy or claim arising out of or relating to this contract, or the breach thereof, shall be settled by arbitration in the City of Toledo, Ohio, in accordance with the commercial arbitration rules of the American Arbitration Association. Such decision shall be binding upon the parties, and judgement [sic] upon the award rendered may be entered by any court having jurisdiction thereof.

(Doc. 70, Ex. A at 9).

In March, 2000, the Hospital filed suit against plaintiff in state court, alleging breach of the Agreement based on, among other things, plaintiff's failure to repay $412,244.51 in advanced compensation paid by the Hospital. The lawsuit was dismissed almost immediately after it was filed when the parties agreed to arbitration.

On October 13, 2000, plaintiff filed this suit in this court, and on January 17, 2001, the Hospital filed a counterclaim. Plaintiff made no mention of any desire or right to arbitrate in his complaint.

On July 31, 2001, plaintiff filed an amended complaint against the hospital, asserting diversity jurisdiction and alleging state tort claims.[1] Once again, plaintiff made no mention of any desire or right to arbitrate.

Since the filing of this action, recurrent discovery disputes have arisen between the parties, who, in accordance with our local rules and practice, called on me to resolve those disputes informally without the necessity of a formal motion to compel.[2] There have been at least three such discovery conferences. In addition, I was asked to review purportedly confidential documents in camera, and have issued two discovery orders. In addition, I have ruled on a motion for partial summary judgment.

After eighteen months of litigation before this court, plaintiff, citing the Agreement's arbitration clause, asserted—for the first time—his pending demand for arbitration. The Hospital opposes plaintiff's demand, arguing that plaintiff long ago waived any right to ask for arbitration. I find the Hospital's argument well-taken, and hold that plaintiff's institution, maintenance, and participation in this case manifested a clear and unequivocal waiver of any right to arbitrate that otherwise might have been available under the Agreement.

---

1. Plaintiff based his original complaint on federal question jurisdiction. By an order of June 6, 2001, this court granted defendants' motion for partial summary judgment and dismissed plaintiff's federal claims. By the same order, this court refused to exercise jurisdiction over plaintiff's remaining state law claims and dismissed those claims as well. Plaintiff filed a motion for relief from this order and an amended complaint asserting diversity jurisdiction.

2. The purpose of requiring counsel to contact the court to seek informal resolution of discovery disputes, which, in all likelihood, is not available in an arbitration proceeding, results in a very substantial saving of time for the court and counsel, and of money for the litigants, because in almost no instance, except where a bona fide claim of privilege is being asserted, does such informal process fail to resolve the discovery dispute.

## DISCUSSION

Through the Arbitration Act, Congress has declared a national policy favoring arbitration and a strong presumption favoring arbitrability. *See Ferro Corp. v. Garrison Indus., Inc.,* 142 F.3d 926, 932 (6th Cir.1998); *Siam Feather & Forest Prods. Co., Inc. v. Midwest Feather Co., Inc.,* 503 F.Supp. 239, 241 (S.D.Ohio 1980), *aff'd,* 663 F.2d 1073 (1981) (Table). As the Sixth Circuit noted in *Liskey v. Oppenheimer & Co., Inc.,* 717 F.2d 314, 319 (6th Cir.1983) (quoting *Cunningham v. Dean Witter Reynolds, Inc.,* 550 F.Supp. 578, 584 (E.D.Cal.1982)), "The policy Congress intended to effectuate [through arbitration] was to avoid the unnecessary expense and delay of litigation where parties had provided for the more efficient process of arbitration . . . ."

■ Nonetheless, a party may waive its contractual right to arbitration as it can waive any other contractual provision. *See Germany v. The River Terminal Ry. Co.,* 477 F.2d 546, 547 (6th Cir.1973); *American Locomotive Co. v. Gyro Process Co.,* 185 F.2d 316, 318 (6th Cir.1950); *Southern Sys., Inc. v. Torrid Oven Ltd.,* 105 F.Supp.2d 848, 852 (W.D.Tenn.2000); *The Central Trust Co. v. Anemostat Prods. Div.,* 621 F.Supp. 44, 46 (S.D.Ohio 1985); *Siam Feather,* 503 F.Supp. at 242.

A waiver of the right to arbitrate may be expressed or implied. An implied waiver occurs "when the party actively participates in litigation or acts inconsistently with its rights to proceed with arbitration." *Siam Feather,* 503 F.Supp. at 242 (citing *American Locomotive Co.,* 185 F.2d 316).

While there is no bright-line rule as to what constitutes waiver, "[c]onduct such as filing responsive pleadings while not asserting a right to arbitration, filing a counterclaim, filing pretrial motions, engaging in extensive discovery, use of discovery methods unavailable in arbitration, and litigation of issues on the merit have all been considered by courts to amount to a waiver of the right to arbitration." *Southern Sys., Inc.,* 105 F.Supp.2d at 854.

■ Here, the record amply supports the conclusion that plaintiff impliedly waived his right to arbitration by instituting and actively participating in this litigation and thereafter acting inconsistently with regard to any right to arbitrate he may have had. Without first seeking to assert a demand for arbitration, though the parties had agreed to do so shortly after the Hospital's state court suit had been dismissed, plaintiff filed the present lawsuit,[3] amended his complaint, engaged in extensive discovery, used discovery methods unavailable in arbitration, participated in several discovery conferences with the court, responded to defendants' counterclaim and motion for partial summary judgment, and was provided with the court's rulings on various matters.

Both the parties and this court have expended much time and substantial resources on this matter for the past eighteen months. But for plaintiff's demand for arbitration, he would, after providing some additional discovery that he has been ordered over his objections to provide, have had to file a response to defendant's pending motion for summary judgment.

---

**3.** One court has noted:

> The filing of a complaint is notice to a defendant that the plaintiff is refusing to arbitrate. At that point, or within a reasonable time thereafter, defendant must decide whether to proceed to trial or invoke Sections 3 or 4 of the Arbitration Act.

*The Central Trust Co. v. Anemostat Prods. Div.,* 621 F.Supp. 44, 46 (S.D.Ohio 1985).
Plaintiff's actions strongly suggest that he originally chose to proceed to litigate, rather than arbitrate, and now seeks to change his mind after an unreasonable amount of time and rulings adverse to his claims.

This case, in other words, is on the brink of resolution either by dispositive motion or trial, which, pursuant to an order entered on October 11, 2001, had been set for September 3, 2002.[4]

In *Cabinetree of Wisconsin, Inc. v. Kraftmaid Cabinetry, Inc.*, 50 F.3d 388, 390 (7th Cir.1995), the Seventh Circuit held that the election to proceed in a nonarbitrable forum acts as a "presumptive waiver" of the right to arbitrate. In that case, the court held that a party's decision to proceed in federal court without also seeking arbitration constituted an election to proceed in a nonarbitrable forum and, therefore, created a presumption of waiver. *Id.; see also American Locomotive*, 185 F.2d at 320 (stating that the filing of an action in a nonarbitrable forum is notice that the party is refusing to arbitrate the dispute under an arbitration provision); *WorldSource Coil Coating, Inc. v. McGraw Constr. Co., Inc.*, 946 F.2d 473, 478 (6th Cir.1991) ("unless authorized by contract, submission of arbitrable issues in a judicial proceeding constitutes a waiver of the right to compel arbitration regardless of the prejudice to the other party.") (analyzing Illinois law).

Here, plaintiff's choice of this forum was not limited to seeking to enforce the arbitration clause in the Agreement. *See American Locomotive*, 185 F.2d at 320 (noting that a party can proceed under 9 U.S.C. § 4 for specific performance of an arbitration provision). Indeed, there is no indication that defendant would have refused a timely request to arbitrate. To be sure, it had filed suit in state court, but it had also acquiesced in an agreement to arbitrate and dismissal of that action.

In response to the Hospital's claim of waiver of the right to arbitrate, plaintiff asserts: 1) without a showing that defendant has incurred prejudice from plaintiff's failure to make a timely demand for arbitration, waiver cannot occur; and 2) pretrial expense and delay, without more, do not constitute prejudice sufficient to support waiver. Plaintiff cites several cases from other circuits in support of this argument. *See Leadertex, Inc. v. Morganton Dyeing & Finishing Corp.*, 67 F.3d 20 (2d Cir.1995) ("[P]retrial expense and delay—unfortunately inherent in litigation—without more, do not constitute prejudice sufficient to support a finding of waiver."); *Rush v. Oppenheimer*, 779 F.2d 885, 887 (2d Cir.1985) ("[W]aiver of the right to compel arbitration due to participation in litigation may be found only when prejudice to the other party is demonstrated."); *PaineWebber, Inc. v. Faragalli*, 61 F.3d 1063, 1069 (3d Cir.1995) ("Prejudice is the touchstone for determining whether the right to arbitration has been waived."); *Britton v. Co-op Banking Group*, 916 F.2d 1405, 1412 (9th Cir.1990); *Fisher v. A.G. Becker Paribas, Inc.*, 791 F.2d 691, 694 (9th Cir.1986) (adopting a three prong test for determining waiver: 1) knowledge of an existing right to compel arbitration; 2) acts inconsistent with that right; and 3) prejudice to the opposing party resulting from the inconsistent acts).

In addressing plaintiff's first contention, that prejudice is determinative of waiver, it appears that not all of the courts agree with plaintiff's contention that a party opposing an untimely arbitration demand must show prejudice for the demand to be

---

4. Earlier trial dates (January 8, 2002, and May 21, 2002, had been vacated, principally due to delays caused by discovery disputes). Until plaintiff filed his demand for arbitration, there was no reason to believe that the case, assuming defendant's summary judgment motion were to have been overruled, would not have proceeded to trial. There can be little doubt, in my view, that judicial disposition of the parties' dispute would have been accomplished well before the arbitration process would have been completed.

overruled. In other circuits, prejudice is a factor, but is not dispositive. *See Cabinetree of Wisconsin, Inc. v. Kraftmaid Cabinetry, Inc.*, 50 F.3d 388, 390 (7th Cir.1995) ("To establish a waiver of the contractual right to arbitrate, a party need not show that it would be prejudiced if the stay were granted and arbitration ensued."); *Metz v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 39 F.3d 1482, 1489 (10th Cir.1994) (listing prejudice as one of six factors to examine in determining whether a party has waiver); *National Found., for Cancer Research v. A.G. Edwards & Sons, Inc.*, 821 F.2d 772, 777 (D.C.Cir.1987) ("This circuit has never included prejudice as a separate and independent element of the showing necessary to demonstrate waiver of the right to arbitration.").

The Sixth Circuit does not appear to have resolved the issue of the extent to which prejudice to the opponent of arbitration must be shown. In *American Locomotive*, the court, making no mention of prejudice, noted that at the time of the filing of the complaint, or a reasonable time thereafter, the party seeking arbitration could have and should have made the decision to insist on arbitration or prepare for trial. 185 F.2d at 320. In *Germany v. River Terminal Ry. Co.*, the court, likewise making no mention of prejudice, stated "[a]n agreement to arbitrate may be waived by the actions of a party which are completely inconsistent with any reliance thereon." 477 F.2d 546, 547 (6th Cir. 1973). In an unreported decision, the court noted that "[p]rejudice to the opposing party is a significant factor" in determining waiver. *Mantaline Corp. v. PPG Indus., Inc.*, No. 97–4473, 2000 WL 799337, *4, 2000 U.S.App. LEXIS 14036, at *13 (June 8, 2000). Although the court has also stated "a party may waive the right [to arbitration] by delaying its assertion to such an extent that the opposing party incurs actual prejudice," *General*

*Star Nat'l Ins. Co. v. Administratia Asigurarilor de Stat.* 289 F.3d 434 (6th Cir. 2002), the court's decisions, on balance can most fairly be read as recognizing prejudice as a factor, but not solely dispositive. *See Southern Systems*, 105 F.Supp.2d at 853 (citing *American Locomotive*, 185 F.2d at 318).

Other district courts in this circuit have likewise treated prejudice as a factor in determining waiver, but not as the exclusive factor. *Id.; see also J. Wise Smith & Assoc., Inc. v. Nationwide Mut. Ins. Co.*, 925 F.Supp. 528, 531 (W.D.Tenn.1995); *In re H & M Charters, Inc. v. Reed*, 757 F.Supp. 859, 865 (S.D.Ohio 1991); *Siam Feather*, 503 F.Supp. at 243. Thus, I will treat the issue of prejudice as a factor, but not as an exclusive factor in determining waiver.

Plaintiff, citing *Leadertex* 67 F.3d at 26, argues that pretrial expenses and delay, without more, are insufficient to establish prejudice. The facts in that case, however, are readily distinguishable from the facts present in this case. In *Leadertex*, the defendant sought arbitration after only eight months of litigation, not the eighteen months present in this case. Additionally, the party opposing arbitration had not engaged in extensive discovery, as that party had evaded discovery by producing few documents, giving unresponsive answers to interrogatories, and failing to produce witnesses for scheduled depositions. Here, the parties have engaged in extensive and protracted discovery.

The circumstances of this case likewise differ from the other cases on which plaintiff relies for his contention that a showing of prejudice requires more than a showing that time and money have been spent in litigation before the demand for arbitration was made. In *Rush*, 779 F.2d 885, arbitration was demanded after suit had been

pending for only eight months—not after eighteen months, as here. Both *Rush* and *Fisher*, 791 F.2d 691, involved federal securities actions, which raised nonarbitrable claims. Discovery in those cases related to the nonarbitrable claims. Here, there are no nonarbitrable claims between the parties. Finally, in both *PaineWebber*, 61 F.3d 1063, and *Britton*, 916 F.2d 1405, the parties had engaged in no discovery before arbitration was sought.

This case is, however, analogous to *Southern Systems*, 105 F.Supp.2d 848. In *Southern Systems*, the court found a waiver of the right where the party seeking arbitration had: filed its motion to stay only a month before the discovery deadline and after extensive discovery had taken place; invoked the court's assistance in compelling discovery; obtained discovery not available in arbitration;[5] and filed a motion to dismiss and counterclaim—all before raising the issue of arbitration. In determining waiver, the court stated "[t]o now force [plaintiff] to expend additional sums to pursue arbitration, with [defendant] having the benefit of eighteen months of pretrial proceedings in this court, would clearly result in substantial prejudice to plaintiff." *Id.* at 856.

As in *Southern Systems*, a period of eighteen months passed before plaintiff invoked any arbitration rights. During that period, the Hospital has had to respond to plaintiff's complaint and motions, and has become involved in extensive, protracted, and expensive discovery proceedings. Plaintiff has invoked this court's assistance in discovery matters, including a motion to compel, discovery conferences, and in camera review of Hospital documents. Moreover, plaintiff filed his motion after this court issued an order compelling discovery from plaintiff and shortly before summary judgment proceedings.

Forcing arbitration at this point would only result in further delay, greatly increased expense, and substantial prejudice on the part of the Hospital. *See Central Trust Co.*, 621 F.Supp. at 46 ("To dismiss the action or force the parties into arbitration now would further delay a case that has already been pending almost 19 months."). Thus, aside from the other prejudice incurred thus far, the Hospital would incur even greater prejudice from the additional expense and delay that proceeding to arbitration would entail.

Through his demand for arbitration, plaintiff claims to be seeking prompt resolution of his dispute with the Hospital. There is no merit to his shallow and insincere protestations: his motion is the quintessential delaying tactic and effort at forum-shopping.

Plaintiff, having at the eleventh hour retained his *fifth* attorney,[6] is stalling. He fears and wants to avoid, rather than seeks and desires, prompt adjudication. Because he is entitled to an interlocutory appeal from a decision denying a demand for arbitration, 9 U.S.C. § 16(a)(1)(A), no matter how untimely or manipulative such appeal may be, plaintiff seeks to gain that which he claims not to want—postponement of an adjudication of his claims on their merits.

---

5. The court noted that the Federal Rules of Civil procedure are more liberal with regard to discovery than those of the American Arbitration Association. *Southern Systems*, 105 F.Supp.2d at 856 n. 7.

6. Plaintiff has used five different attorneys to represent him in his dispute with the Hospital. His first attorney was Charles Kennedy of Van Wert. William Case took over the Van Wert County Case. Charles Murray, Timothy Sprague, and Michael Harvey have all represented plaintiff in this court.

There is no other reasonable interpretation, in light of the protracted procedural history of this case, of plaintiff's untimely demand for arbitration than to view it as a deliberate tactic employed to foreclose, for two years or more (given the workload and manpower (and womanpower) shortage on our Circuit court), a final decision in this case.

To require the Hospital to submit to arbitration at this point would be to make a mockery of the purposes—prompt resolution of disputes without the inconvenience, expense, delay, and uncertainty of litigation—of arbitration. Granting plaintiff's motion would do nothing useful, while causing greater inconvenience, more expense, further delay, and continued uncertainty. It would, moreover, cause the extensive work of this court on this case to have been largely, if not entirely wasted.[7]

If plaintiff's demand for arbitration were to be upheld, there would be nothing to keep any litigant with an arbitration clause from testing the judicial waters, and to do so for as long as he liked, even to the point where the case has arrived on the brink of resolution, and then nullifying all that has gone before by demanding arbitration. If that is what a deliberately delayed demand for arbitration can do, then all that is bad about litigation—including most particularly unnecessary delay, wasteful expense, and the manipulative impulse to forum-shop—would be fostered, rather than deterred.

I am firmly persuaded that neither the Arbitration Act nor sound common sense

would or does countenance such an absurd distortion of the arbitration process. Plaintiff's untimely motion to stay and compel arbitration shall be denied.

Defendant understandably demands that sanctions be imposed under Fed.R.Civ.P. 11. That motion will be denied, without prejudice to renew following the Sixth Circuit's decision on appeal. Whether or not that court imposes sanctions under Fed. R.App. P. 38,[8] I will entertain plaintiff's renewed motion when this case is, as seems likely, remanded for further proceedings before this court.

Plaintiff can avoid the risk of sanctions under Fed.R.Civ.P. 11 and Fed. R.App. P. 38 if he accepts this denial of his untimely and unjustified demand for arbitration by declining to seek interlocutory review of this order, and, instead, complies with the discovery that, pursuant to prior order, he owes, and thereafter files his opposition to defendant's pending motion for summary judgment. This will bring him, either by ruling on that motion, or trial in early September, a far speedier resolution of this protracted dispute than either an appeal from this order or recourse to arbitration.

That is his decision to make. For now, mine simply is to deny plaintiff's unfounded demand for arbitration on the basis that his actions for the past eighteen months have been completely inconsistent with any right to arbitration that he might otherwise have enjoyed.

7. The time taken on this case would have needlessly been taken from the other cases on my docket. Not only would plaintiff's demand, if granted, have the effect of causing delay in the resolution of this case, it would also have caused delay in the adjudication of the cases of other litigants, who want and deserve prompt resolution of their lawsuits.

8. Fed. R.App. P. 38 states:

If a court determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee.

## CONCLUSION

It is, therefore,

## ORDERED THAT

Plaintiff's motion for stay or to compel arbitration be, and hereby is, denied.

**So ordered.**