### J..V. LANE & CO., Inc., v. O'DONNELL TRANSP. CO., Inc., et al. *
### (six cases).
### Nos. 13765, 13768–13772.

District Court, E. D. New York.
Oct. 1, 1934.

De Forest, Cullom & Elder, of New York City (James E. Freehill, of New York City, of counsel), for libelant.

Purdy & Purdy, of New York City, for claimant and respondent.

MOSCOWITZ, District Judge.

These six motions are identical.

The libelant has moved for an order to compel the respondent and claimant to arbitrate a dispute arising out of damage to flour which is alleged to have occurred in transit between Buffalo and New York. The barges on which the flour is alleged to have been damaged proceeded from Buffalo by the canal and Hudson river to New York.

The contract of affreightment under which the flour was shipped provides for the referring of all disputes arising thereunder to the Committee on Grain of the New York Produce Exchange for arbitration.

It is not in dispute that this court has jurisdiction of the subject-matter of the controversies involved in the several actions. The sole question for determination upon these motions is whether the libelant is entitled to enforce an arbitration agreement in admiralty which covers an intrastate shipment by water.

Title 9 USCA § 8 provides: "If the basis of jurisdiction be a cause of action otherwise justiciable in admiralty, then, notwithstanding anything herein to the contrary, the party claiming to be aggrieved may begin his proceeding hereunder by libel and seizure of the vessel or other property of the other party according to the usual course of admiralty proceedings, and the court shall then have jurisdiction to direct the parties to proceed with the arbitration and shall retain jurisdiction to enter its decree upon the award."

It would seem that it was the intention of Congress to give jurisdiction to a court of admiralty to direct arbitration in a case covering intrastate shipment by water. This appears from the report of the Committee on the Judiciary of the House of Representatives upon the bill. The report is referred to in the footnote to the opinion in the case of Marine Transit Corp. et al. v. Dreyfus et al., 284 U. S. 263, at page 274, 52 S. Ct. 166, 169, 76 L. Ed. 282, as follows: "The purpose of this bill is to make valid and enforcible agreements for arbitration contained in contracts involving interstate commerce or within the jurisdiction of admiralty, or which may be the subject of litigation in the Federal courts. * * * The remedy is founded also upon the Federal control over interstate commerce and over admiralty."

I am strengthened in my view by the following decision, The Gerald A. Fagan (Dreyfus et al. v. Marine Transit Corporation) (C. C. A.) 49 F.(2d) 215, 217.

Motions granted. Settle orders on notice.

*Appeal dismissed 75 F.(2d) 1015.