**FISSER, etc.,**

**v.**

**INTERNATIONAL BANK et al.**

United States District Court
S. D. New York.
Dec. 10, 1958.

1. Standard Fire Ins. Co. v. Boyce-Harvey Machinery Co., 5 Cir., 202 F.2d 871, 872.

2. D.C.S.D.Cal., 290 F. 601.

**306**

Crowell, Rouse & Varian, New York City, for libelants (George L. Varian, E. Curtis Rouse and George T. Vayda, New York City, of counsel).

Becker & Martin, New York City, for respondent (Harold H. Corbin, Edward J. Bennett and Emanuel Becker, New York City, of counsel).

RYAN, Chief Judge.

The libel and petition filed herein under the Federal Arbitration Act of 1925 (9 U.S.C. §§ 1–14) in the Admiralty alleges on behalf of libelant as broker and on behalf of its principals the breach by respondent of a contract of affreightment and its refusal to proceed to arbitration under clause Three of the contract with resulting damage to libelant-petitioners. Libelants pray for an order directing the parties to submit to arbitration and for a decree to be entered by the court confirming any award in favor of libelants.

Respondent "appearing specially and without prejudice to its claim or defense that this Court is without jurisdiction over Respondent", and denying the making of the contract alleged, pleads by way of defense in its answer that the contract is non-maritime and that the parties never agreed in writing to arbitrate. Respondent also filed an impleading petition under the 56th Rule in Admiralty, 28 U.S.C. against Van Ommeren Shipping Inc. alleging misrepresentation to libelants by Van Ommeren of its au-

thority to pledge respondent's credit for the performance of the contract in suit and misrepresentation and concealment by respondent-impleaded to induce respondent to enter into the contract alleged. Respondent prays for a decree over against Van Ommeren in the event that respondent is found liable to libelant.

All parties have filed exceptive allegations.

Libelants and impleaded respondent except to the impleading petition alleging that respondent having appeared specially is without standing to seek affirmative relief and that the impleading petition fails to state a claim in admiralty or an arbitrable claim.

Respondent's exceptions allege that the claim pleaded in the libel does not lie in the Admiralty and that consequently libelant broker may not sue on behalf of its principals, and that the matters in dispute cannot be the subject of arbitration because there is not a written agreement between it and libelants.

 The allegations of the libel and petition disclose that the claim is bottomed on a charter party to carry goods on a vessel in foreign commerce—truly a "maritime transaction" within Section 1 of the Act (9 U.S.C. § 1); whether the transaction contains a "written provision" to settle by arbitration enforceable under Section 2 must first be determined by a trial. Save for the alleged agreement to arbitrate and the relief sought in the prayer, the subject matter of a suit arising out of this controversy would properly lie in the Admiralty. Archawski v. Hanioti, 350 U.S. 532, 76 S.Ct. 617, 100 L.Ed. 676; J. V. Lane & Co. v. O'Donnell Transp. Co., D.C.N.Y., 9 F. Supp. 39, app. dism. J. V. Lane & Co. v. The Ernest S. Crosby, 2 Cir., 75 F.2d 1015; Blidberg Rothschild Co., Inc. v.

United States of America, D.C.S.D.N.Y., 1957 A.M.C. 1526. The libel and petition was properly filed in the Admiralty under Sections 4 and 8 and may be maintained on behalf of the principals by libelant as agent. See opinion in this case by Palmieri, J., May 15, 1958, D.C., 164 F. Supp. 826.

 The sole issue to be determined on the summary trial under Section 4 is whether a contract was made between libelants and respondent; the burden of establishing this is on the libelants and respondent may urge the matter pleaded in its answer and in its impleading petition by way of defense. The question of the liability, if any, of respondent impleaded to libelant or respondent, is not material to a trial of this issue, and respondent may not substitute it as a contracting party, on trial. Cf., Instituto Cubano De Estabilizacion Del Azucan v. The Golden West, 2 Cir., 1957, 246 F.2d 802. Whether in fact respondent committed a breach of contract and whether libelants sustained damage thereby will not be before the Court in this summary proceeding seeking specific performance of the provision to arbitrate. Marine Transit Corporation v. Dreyfus, 284 U.S. 263, 52 S.Ct. 166, 76 L.Ed. 282; In re Pahlberg Petition, 2 Cir., 1942, 131 F.2d 968; Kulukundis Shipping Co. S/A v. Amtorg Trading Corp., 2 Cir., 1942, 126 F.2d 978.

The exceptive allegations of the respondent to the libel are sufficient to warrant a trial on the issue of the making of the contract alleged. Its motion to dismiss the libel is denied. Since a determination there may dispose of the impleading petition it would be premature to pass now upon its sufficiency and decision on the libelant and respondent-impleaded's exceptions is withheld until trial of the exceptive allegations filed by respondent to the libel. Settle order.