**GARNAC GRAIN COMPANY, Inc.,**
**Petitioner,**

v.

**NIMPEX INTERNATIONAL, INC.,**
**Respondent.**

United States District Court
S. D. New York.
May 6, 1964.

Zock, Petrie, Sheneman & Reid, New York City, for petitioner, Howard M. McCormack, New York City, of counsel.

Hill, Rivkins, Louis & Warburton, New York City, for respondent, Clare E. Walker, New York City, of counsel.

METZNER, District Judge.

Garnac Grain Company petitions this court pursuant to the provisions of the United States Arbitration Act, 9 U.S.C. A. §§ 4, 5, and 6, for an order directing Nimpex International, Inc. to proceed to arbitration.

For the purposes of this motion, the statement of facts in petitioner's reply memorandum will be taken as true. As there indicated, the relevant facts are that on September 18, 1963, petitioner Garnac, through the facilities of Chartering, Inc., its chartering broker, concluded an oral fixture with World Bulk Shipping, Ltd., respondent Nimpex's broker, for a voyage charter of the S.S. Bawean to carry a cargo of grain from the Great Lakes to Europe. It was understood in concluding the oral fixture that the approved Baltimore Berth Grain Charter Party with a New York Produce Exchange Arbitration Clause would be used by the parties. On September 20, 1963, petitioner prepared the written charter party according to the oral fixture and transmitted it to World Bulk Shipping for signature by Nimpex. On October 1, 1963, World Bulk Shipping advised petitioner that the vessel would not be tendered. On October 4, 1963, the petitioner chartered another ship to carry the cargo originally scheduled for loading aboard the S.S. Bawean at a rate in excess of the Bawean rate.

The parties never entered into "a written agreement for arbitration * * *." as required by section 4. A written agreement for arbitration is the sine qua non of an enforceable arbitration agreement. Fisser v. International Bank, 282 F.2d 231 (2d Cir. 1960). Although courts have compelled arbitration on the basis of fixture letters, see Dover S.S. Co. v. Summit Industrial Corp., 148 F. Supp. 206 (S.D.N.Y.1957); cf. Kulukundis Shipping Co. v. Amtorg Trading Corp., 126 F.2d 978 (2d Cir. 1942), no case has been found, nor has one been cited to us, compelling arbitration on the basis of an oral fixture. The case of Fisser v. International Bank, 175 F.Supp. 305 (S.D.N.Y.1958), cited by the petitioner is inapposite, for in that case there was concededly a written agreement for arbitration, and the only question confronting the court was whether respondent under general principles of contract law was a party to the agreement.

Section 4 requires at least a written fixture making reference to a standard charter containing an arbitration clause, before arbitration can be compelled.

Motion denied. So ordered.