COWDEN MANUFACTURING COM-
PANY, Plaintiff-Appellant,

v.

KORATRON COMPANY, Inc. and Kora-
corp Industries, Inc., Defendants-
Appellees.

No. 19403.

United States Court of Appeals,
Sixth Circuit.

Feb. 18, 1970.

W. C. Clay, Jr., Mt. Sterling, Ky., for appellant, Clay & Marye, Mt. Sterling, Ky., on brief.

David W. Lennihan, San Francisco, Cal., for appellees, Middleton, Seelbach, Wolford, Willis & Cochran, Louisville, Ky., Brobeck, Phleger & Harrison, San Francisco, Cal., on brief.

Before PECK and COMBS, Circuit Judges, and McALLISTER, Senior Judge.

JOHN W. PECK, Circuit Judge.

This is an action brought by Cowden Manufacturing Company (hereinafter "Cowden") for damages for alleged violations of the federal antitrust, patent and trademark laws. Cowden is a garment manufacturer and a licensee under a patent for permanent press garments owned by Koratron Company* (hereinafter "Koratron").

A dispute arose in 1967 over the payment of royalties under the parties' license agreement. Koratron filed a demand for arbitration pursuant to the clause in the agreement that provided

---

* Koracorp Industries, Inc., is a California corporation and owner of the stock of Koratron. It is not independently involved in any of the questions here at issue.

for resolution of such disputes by arbitration in San Francisco, California, by the American Arbitration Association. Cowden then brought the present suit in the District Court in Kentucky. Koratron thereafter filed a petition in the District Court in California seeking an order to compel arbitration. Cowden sought a temporary injunction in the District Court in Kentucky to enjoin this action in California.

The District Court in Kentucky denied this relief and also Cowden's request for a declaratory judgment. After this, the District Court in California compelled arbitration and Cowden appealed to the United States Court of Appeals for the Ninth Circuit. While the appeal was pending, Cowden moved for a summary judgment in the District Court in Kentucky and Koratron moved to dismiss because of a lack of personal jurisdiction, for improper venue, or for insufficiency of service of process; to transfer the case to California; and to stay the proceedings pending disposition of the proceedings in California.

The District Court in Kentucky ordered the proceedings in its court stayed, pending the decision of the Ninth Circuit and declined to rule on the remaining motions that were pending. Cowden appealed from the denial of the temporary injunction and the declaratory judgment by the Kentucky District Court and also from that Court's order staying the proceedings. After the appeal was filed in our Court, the Ninth Circuit vacated the order of the California District Court that compelled arbitration and ordered a reconsideration in light of a recent Supreme Court case, Lear, Inc. v. Adkins, 395 U.S. 653, 89 S. Ct. 1902, 23 L.Ed.2d 610 (1969).

■ The question presented is whether the District Judge erred in denying the temporary injunction and in staying the proceedings. The scope of review in such an appeal is whether the denial of the injunction was within the sound judicial discretion of the trial judge, and the decision will not be disturbed unless contrary to some rule of equity or the result of an improvident exercise of judicial discretion. American Federation of Musicians v. Stein, 213 F.2d 679, 683 (6th Cir.), cert. denied, 348 U.S. 873, 75 S.Ct. 108, 99 L.Ed. 687 (1954); Nashville I-40 Steering Committee v. Ellington, 387 F.2d 179, 182 (6th Cir.1967), cert. denied, 390 U.S. 921, 88 S.Ct. 857, 19 L.Ed.2d 982 (1968).

■ We conclude that the District Court did not abuse its discretion nor commit any error in denying the temporary injunction and in staying the proceedings. The District Court stated that the question of the applicability of the arbitration clause to the matters presented had to be determined, and since that question was already at issue in the District Court in California, it declined to enjoin that action. In a case similar to the present action, A & E Plastik Pak Company, Inc. v. Monsanto Company, 396 F.2d 710 (9th Cir.1968), the Ninth Circuit outlined the issues that should be arbitrated and relying on American Safety Equipment Corporaion v. J. P. Maguire & Company, 391 F.2d 821 (2d Cir.1968), it excluded the antitrust issue from arbitration. The Court in *Monsanto* then held that the District Judge did not abuse his discretion in ordering arbitration to proceed before the determination of the antitrust issue, even though it set aside the denial of the temporary injunction for lack of "necessary limitation" of the arbitrable issues by the District Judge.

A different situation is involved here since there are two District Courts involved and one, in California, has exclusive jurisdiction over the arbitration issue, which is presently before it, because such was provided for by the parties in their license agreement. Under the circumstances of this case, we cannot say that the action of the District Court in Kentucky in denying the temporary injunction constituted an abuse of discretion.

After the District Court in California compelled arbitration, the District Court in Kentucky declined to reconsider the

**373**

matter, but stayed the proceedings there pending the appeal of the decision of the California District Court to the United States Court of Appeals for the Ninth Circuit. In view of the action taken by the Ninth Circuit in vacating the order that compelled arbitration and since the District Court in Kentucky has not had an opportunity to review this subsequent action, we remand for further consideration in light of the action taken by the Ninth Circuit Court of Appeals.

The case is affirmed and remanded to the District Court for further proceedings consistent herewith.