**Louis GERMANY, Plaintiff,**

v.

**The RIVER TERMINAL RAILWAY COMPANY, Defendant-Appellant,**
**and**
**Norfolk & Western Railway Company,**
**Defendant-Cross-Claimant-Appellee.**

**No. 72-2095.**

United States Court of Appeals,
Sixth Circuit.

Argued April 2, 1973.

Decided April 24, 1973.

Dennis M. Kelly, Cleveland, Ohio, for appellant; George J. Moscarino, Dennis M. Kelly, Kenneth F. Seminatore, Jones, Day, Cockley & Reavis, Cleveland, Ohio, on brief.

Byron D. Fair, Cleveland, Ohio, for appellee; Byron D. Fair, Thomas V. Chema, Arter & Hadden, Cleveland, Ohio, on brief.

Before PECK, McCREE and LIVELY, Circuit Judges.

PER CURIAM.

This case involves an interchange agreement between two railroads. Louis Germany, who is not a party to the appeal, sued The River Terminal Railway (RTR), his employer, and the Norfolk & Western Railway Company (N&W). He recovered a judgment against RTR for injuries caused by a defect in a railroad car of N&W which was under the control of RTR.

In a cross-claim against RTR, the interchange agreement was filed as an exhibit and relied upon by N&W. By a later pleading, RTR, relying on the same agreement, sought to recover one-half the verdict as well as one-half of all costs from N&W. Section 8 of that agreement provided for compulsory arbitration "[I]n case of any disagreement between the parties hereto as to the true construction or meaning of any of the provisions of this agreement, or as to the rights of either party hereunder, or as to any claim arising hereunder . . . ." The arbitration provisions of the agreement were specifically cited by RTR in a tendered amendment to a pleading in support of its position that the cross-claim of N&W failed to state a claim upon which relief could be granted.

The trial court refused to permit the filing of the amended pleading which set up the arbitration provisions of the agreement and proceeded to interpret the agreement itself.

The Federal Arbitration Act (9 U.S.C. § 1 et seq.) favors the submission of disputes to arbitration in accordance with the intentions of the parties to an agreement as a means of easing court congestion. Galt v. Libbey–Owens–Ford Glass Co., 376 F.2d 711 (7th Cir. 1967). An agreement to arbitrate may be waived by the actions of a party which are completely inconsistent with any reliance thereon. Burton-Dixie Corp. v. Timothy McCarthy Construction Co., 436 F.2d 405 (5th Cir. 1971). However, waiver may not be inferred from the fact that a party does not rely exclusively on the arbitration provisions of a contract, but attempts to meet all issues raised in litigation between it and another party to the agreement. General Guaranty Insurance Co. v. New Orleans General Agency, Inc., 427 F.2d 924 (5th Cir. 1970).

The District Judge made no finding on the issue of the right of RTR to have the dispute between it and N&W decided by arbitration. Our review of the record convinces us there was no waiver by RTR in the district court pro-

ceedings. On appeal RTR has sought to abandon its request for arbitration "in the interest of concluding this dispute as rapidly as possible." However, the courts are concerned that the salutary results of the policy expressed in the Federal Arbitration Act be realized.

 The correct construction of the interchange agreement involved here will necessarily require an understanding of railroad practices and terminology. This can best be achieved by persons familiar with the industry.

The judgment of the district court is vacated and the cause remanded for entry of an order requiring RTR and N&W to submit the issues in dispute to arbitration.