**BLOUNT BROTHERS CORPORATION,
Petitioner,**

v.

**M. K. STEEL, INC., Respondent.**

Civ. A. No. 81–G–1221–S.

United States District Court,
N. D. Alabama, S. D.

Oct. 8, 1981.

A. H. Gaede, Jr., E. Mabry Rogers, William R. Lucas, Jr., Bradley, Arant, Rose & White, Birmingham, Ala., for petitioner.

Joe R. Whatley, Jr., Frances Heidt, Stewart, Falkenberry & Whatley, Birmingham, Ala., for respondent.

## MEMORANDUM OPINION

GUIN, District Judge.

This matter arises upon the petition of Blount Brothers Corporation ("Blount") to enforce the arbitration clause in its subcontract with Respondent, M. K. Steel

("M.K."). The court held a hearing on the matter on October 2, 1981, and has considered the arguments of counsel along with the pleadings and evidence attached to the pleadings.

This court has jurisdiction of this petition to compel arbitration pursuant to 9 U.S.C. § 4 and 28 U.S.C. § 1332.

The court makes the following findings of fact: (1) There was a written contract between Blount and M. K. for work in connection with a construction project; (2) the contract provided for arbitration of questions of fact which arose under the contract; (3) the contract involved interstate commerce; (4) the service and notice required by 9 U.S.C. § 4 are not in issue; (5) the dispute between the parties involved an allegation that Blount breached the contract between the parties when it terminated M. K.'s right to proceed under the contract; and (6) M. K. had filed a breach of contract action in state court styled *M. K. Steel, Inc. v. Blount Brothers Corporation*, Civil Action No. CV 81–2804 (Tenth Judicial Circuit, Jefferson County, Alabama), but the arbitration issue had not been raised in that dispute.

The issues before this court are whether the dispute between Blount and M. K. is subject to arbitration, whether this court has the power to stay the state court proceedings in conjunction with an order compelling arbitration, and whether this court should abstain.

Respondent has argued first that this court should abstain from deciding whether the dispute is subject to arbitration to allow the state court to resolve that issue, and second that under the contract, a claim for breach of the contract is not subject to the arbitration clause. The court rejects these arguments.

In support of its first argument, respondent relies on the principles of *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1977), and its progeny. However, those decisions are not applicable to the present case because there is no compelling state interest involved in the present

dispute. The present dispute concerns a matter of federal interest—the enforcement of the United States Arbitration Act. In *Mercury Construction Corporation v. The Moses H. Cone Memorial Hospital*, 656 F.2d 933 (4th Cir. 1981) (en banc), the Fourth Circuit considered whether a federal district court should abstain from deciding the issue when the arbitration issue was also before a state court in a declaratory judgment action. The Fourth Circuit held that the federal district court should not abstain, stating, "Federal courts will not 'permit a party to a contract to circumvent an arbitration clause by commencing litigation in a state court.'" *Id.* at 21. [Citations omitted.] With regard to the resolution of the issues involving the United States Arbitration Act, the court held, "plainly every consideration favors federal jurisdiction, particularly since federal law is controlling." *Id.* at 35. This court believes that the Fourth Circuit correctly stated the law and holds that it should not abstain from deciding the present dispute.

There is a strong federal policy in favor of arbitration, and numerous decisions indicate that arbitration clauses are to be construed liberally. *See, e. g., Stateside Machinery Co., Ltd. v. Alperin*, 591 F.2d 234 (3rd Cir. 1979). The general principles governing resolution of whether a dispute is subject to arbitration have recently been summarized in *Siam Feather & Forest Products, Inc. v. Midwest Feather Company, Inc.*, 503 F.Supp. 239 (S.D.Ohio 1980), *aff'd* 663 F.2d 1073 (6th Cir. 1981). The *Siam Feather* court held:

Arbitrability "should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Disputes should be resolved in favor of coverage." *United Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 581 [80 S.Ct. 1343, 1352, 4 L.Ed.2d 1403] (1960).

503 F.Supp. at 241.

The arbitration clause before this court states that, "If any question of fact shall arise under this contract, . . . then

either party hereto may demand an arbitration by reference to a Board of Arbitration...." It cannot be said that this arbitration clause is not susceptible of an interpretation which would cover the present dispute. Indeed, this clause easily encompasses the myriad "fact" questions raised by an alleged breach of contract. Therefore, this court holds that the present dispute, including the question of arbitrability, must be resolved by the arbitrator.[1]

With regard to the remaining issue, this court holds that it has the power to issue a stay of the state court proceeding in conjunction with its order compelling arbitration. Section 2283 of Title 28 of the United States Code provides that a United States court may stay proceedings in a state court "to protect or effectuate the United States court's judgments." The power of and the need for a United States District Court to issue a stay of a state court proceeding along with an order compelling arbitration was discussed in *Network Cinema Corporation v. Glassburn*, 357 F.Supp. 169 (S.D.N.Y.1973):

> Although the federal arbitration statutes do not explicitly grant to United States District Courts the authority to stay state court proceedings, this Court has held that a stay of state court proceedings is authorized by 28 U.S.C. § 2283 when the dispute in question has been found by the federal court to be subject to the arbitration provisions of 9 U.S.C. § 2. *Necchi Sewing Machine Sales Corp. v. Carl*, 260 F.Supp. 665 (S.D.N.Y.1966).

*Id.* at 172. This court's order compelling arbitration will be nullified and the benefits the United States Arbitration Act was intended to bestow (relief of congestion of the courts and speedy disposition of disputes without the expense and delay of court proceedings) will be lost unless this court stays the state court proceeding. Thus, the state court proceeding styled *M. K. Steel,*

*Inc. v. Blount Brothers Corporation,* Civil Action No. CV 81–2804, (Tenth Judicial Circuit, Jefferson County, Alabama), will be stayed until further ordered by this court.

The court has, contemporaneously with this opinion, entered the appropriate order.

---

1.  Respondent argues that the arbitration clause does not apply to the present dispute over an alleged breach because another clause of the contract, Article XIII, provides for certain rights in the event of a breach. This argument is without merit because Article XIII specifical-

ly provides that the rights and remedies granted by Article XIII are "cumulative" and "are not intended to be in lieu of any legal right or remedy which contractor may have against sub-contractor...."