**In the Matter of the Arbitration Between H & M CHARTERS, INC., Petitioners,**

**and**

**Alison V. REED, Respondent.**

**No. C2–91–75.**

United States District Court, S.D. Ohio, E.D.

Feb. 14, 1991.

Elizabeth Thym Smith, Columbus, Ohio, for plaintiff.

Jerry M. Wade, II of Law Offices of Daniel H. Jones, West Palm Beach, Fla., for defendant.

GEORGE C. SMITH, District Judge.

## OPINION AND ORDER

This matter is before the Court upon petitioner, H & M Charters' (Hereinafter "Charters") Petition to Compel Arbitration filed January 28, 1991. Charters Petition was followed by a Motion to Stay Proceedings Pending Arbitration filed the same day. This matter was set for oral argument on February 6, 1991, at 9:00 A.M. to address the issues presented [1] and to accommodate Charters' Petition, inasmuch as trial in Florida could commence on February 15, 1991.[2] This Court telephoned personally all of the counsel within this matter to inform them of the hearing date. The defendant nor counsel for the defendant appeared.[3] Charters filed a Memorandum In Support Of Petition To Compel Arbitration on February 6, 1991. After hearing the oral argument presented by Charters, this Court on February 6, 1991 issued an Order Staying Proceedings Pending Arbitration. This Court will now turn to the remaining issues *seriatim*.

## FACTS

This matter revolves solely around Six Thousand Four Hundred and Forty Two Dollars and Sixty Cents ($6,642.60) which defendant herein, Reed, alleges that Charters owes her as a commission for the chartering of a yacht in 1988.[4] Specifical-ly, on or about April 14, 1988, Virginia Thomas and H & M Charters entered into a Charter Party Agreement (Charters' Exhibit A attached to Charters' Petition) whereby H & M Charters agreed to let and Virginia Thomas allegedly agreed to hire H & M Charters' yacht named the "Gigi". Virginia Thomas was to rent said yacht from July 1, 1988, through August 31, 1988, for a fee of Forty Four Thousand Two Hundred Eighty four Dollars ($44,-284.00). H & M Charters orally authorized Reed to enter into the Charter Agreement with Thomas on their behalf and Thomas paid the agreed rental of $44,284.00. Reed thereafter disbursed Thirty Seven Thousand Six Hundred and Forty One Dollars and Forty Cents ($37,641.40) to H & M Charters while keeping for herself Six Thousand Six Hundred and Forty Two Dollars and Sixty Cents ($6,642.60) representing her Fifteen Percent (15%) brokerage commission.

After Reed had entered into her Charter Party Agreement with Thomas, H & M entered into a subsequent Charter Party Agreement with Virginia Thomas. This time, however, H & M Charters employed Rybovich Marine Services Corp. as the chartering agent, which is documented within another Charter Agreement. (See Exhibit B). In receipt of their services, Rybovich received from Charters Seven

---

1. This Court would like to note that concurrent with this matter, it was actively involved from the Bench in a criminal trial of high publicity and potential severe magnitude to the Columbus, Ohio region. With this Court's previous constraints placed upon it by the criminal trial, which had already commenced and which ironically was also utilizing a member of the Florida Bar as defense counsel, the criminal trial needed the Court's undivided attention. However, in order to accommodate the civil docket and the issues within this case, the Court set aside part of the morning of February 6th, in order to accommodate the parties herein.

2. It is the understanding of this Court that Florida utilizes a form of a six week trial calling or rotation procedure, whereby although the case may not in fact commence on the first day of the call, counsel and the parties are expected to be ready to proceed at any time. (See Transcript P. 12).

3. Counsel for the defendant, a Mr. Jerry M. Wade, II, of the Law offices of Daniel H. Jones located in West Palm Beach, Florida, contacted the Chambers after being notified of this Court's hearing schedule. He thereafter informed the Court that he nor the defendant within this matter would be making an appearance, and that in his opinion Charters had waived any right to proceed in this Court inasmuch as they had actively participated in the Florida Courts prior to commencing this action in Federal District Court. (For further explanation of defendant's nonappearance, see Transcript pp. 2–3).

4. It appears to the Court that this matter is *de minimis non curat lex*. Defendant Reed must be approaching a point where any further commission which might at some future date be awarded is being used up in attorney fees, court costs and the expense of now being before yet a third tribunal, the Federal Court System.

Thousand Eight Hundred Thirty Dollars ($7,830.00) in commission.

Reed filed a complaint against Charters on October 4, 1989, in the Circuit Court of the Fifteenth Judicial District in Palm, Beach Florida. (Case No. CL 89–8766–AD). Reed sought from Charters the commission referenced above. Specifically, Reed alleged that pursuant to Paragraph 13 of the Charter Agreement and for her efforts in obtaining Thomas for the charter, she was entitled to additional brokerage fees for the subsequent charter brokered by Rybovich. H & M Charters answered the Complaint and also filed an Amended Answer, Affirmative Defenses, and Counterclaims to Amend Complaint. With said Answers, Charters asserted their right to arbitration. They also filed a Motion to Stay Action and Compel Arbitration. On May 7, 1990, the Florida Circuit Court denied Charters' request for a stay. There was no opinion attached to that Order. (See Charters Exhibit F attached to Petition). The Fourth District Court of Appeals for the State of Florida affirmed the trial court's order not staying the trial pending arbitration. (See Charters' Exhibit G). Again, beyond the mere language of the Appellate Court Order granting the affirmance, there is no separate opinion attached explaining on what grounds or by what means they reached their decision. It is from these two Florida state denials of the stay to arbitrate that Charters sought relief in this matter pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*

### LAW AND ANALYSIS

9 U.S.C. § 4 provides in pertinent part as follows:

A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under Title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in a manner provided for in such agreement....

9 U.S.C. § 3 provides:

If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

This case implicates both of these two code sections. Inherent within Charters' request is the need for a stay of the underlying state trial scheduled to commence February 15, 1991, (which the Order has been entered, but until this Opinion and Order is without written articulation as to its basis) as well as an order from this Court directing the parties to arbitration. Therefore, sections 3 and 4 of the Arbitration Act need to be analyzed in light of the proceedings which have taken place in the Florida state courts to date.[5]

It has been held that the Arbitration Act, by its terms, leaves no room for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed. "Thus, insofar as the language of the Act guides our disposition of this case, we would conclude that agreements to arbitrate must be enforced, absent a ground for revocation of the contractual agreement." *Dean Witter Reynolds, Inc. v. Byrd,* 470 U.S. 213, 218, 105 S.Ct. 1238, 1241, 84 L.Ed.2d 158 (1985). (Emphasis in Original). *See Also Sedco, Inc. v. Petroleos Mexicanos Mexican Nat.*

---

**5.** This Court deems this matter to be clearly one of a "maritime" transaction so as to invoke 9 U.S.C. §§ 1 and 2.

*Oil Co.*, 767 F.2d 1140 (5th Cir.1985) (By its terms the Arbitration Act leaves no room for exercise of discretion by district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement is signed); *Conticommodity Services, Inc. v. Phillip & Lion*, 613 F.2d 1222 (2nd Cir.1980); (Unless the making of an agreement to arbitrate or failure, neglect or refusal of one party to arbitrate is in dispute, the court must compel arbitration under this title); *Siam Feather and Forest Products Co. v. Midwest Feather Company, Inc.*, 503 F.Supp. 239, 241 (S.D. Ohio 1980) (arbitrability, "should not be denied unless it may be said with positive assurances that the arbitration clause is not susceptible of an interpretation that covers the asserted disputes. Doubts should be resolved in favor of coverage"); and, *C. Itoh & Co. (America) Inc. v. Jordan Intern. Co.*, 552 F.2d 1228 (7th Cir. 1977) (District court may not deny a stay pending arbitration based on discretionary considerations such as judicial economy). The United States Supreme Court has further enunciated the standard applicable to arbitration agreements and has noted that federal law imposes a strong presumption in favor of arbitration in holding:

> The Arbitration Act establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability.

*Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 24–25, 103 S.Ct. 927, 941, 74 L.Ed.2d 765 (1983). *See also Aspero v. Shearson American Express, Inc.*, 768 F.2d 106, 108 (6th Cir.1985), *cert. denied*, 474 U.S. 1026, 106 S.Ct. 582, 88 L.Ed.2d 564 (quoting *Moses H. Cone Memorial Hospital*, 460 U.S. at 24–25, 103 S.Ct. at 941) ("[A]s a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration."). It therefore is clearly established that as a matter of federal law, arbitration agreements which meet the textual language of the Arbitration Act must, except for a few limited and delineated exceptions, proceed to arbitration.

In order to properly invoke either § 3 or 4 of the Act, it is inherent that this Court first have the requisite underlying jurisdiction, as well as be satisfied that in fact the parties had bound themselves to an agreement to arbitrate. The United States Arbitration Act grants both state and federal courts concurrent jurisdiction over disputes involving arbitration agreements. *Merrill Lynch, Pierce, Fenner, Etc. v. Haydu*, 637 F.2d 391 (5th Cir.1981). Specifically, the 5th Circuit stated:

> ... [t]he act alone is insufficient to confer federal jurisdiction: not only must the transactions involved constitute "interstate commerce" within the meaning of 9 U.S.C.A. § 2, but also an independent basis for jurisdiction such as diversity or a federal question must exist before a federal court may properly assume jurisdiction. *See Commercial Metals Co. v. Balfour, Guthrie & Co. Ltd*, 577 F.2d 264, 268–69 (5th Cir.1978) (discussing *Coastal States Gas Producing Co., et al. v. Producing Properties, Inc., et al.*, 203 F.Supp. 956 (S.D.Tex.1962)); *Robert Lawrence Co. v. Devonshire Fabrics, Inc.*, 271 F.2d 402, 408 (2d Cir.1959), *cert. dismissed per stipulation*, 364 U.S. 801, 81 S.Ct. 27, 5 L.Ed.2d 37 (1960). Because the United States Arbitration Act is a national substantive law that supplants state arbitration laws, a state court is bound to apply the Act if the statutory requisites are present; further, if an action involving arbitration is filed initially in state court, such an action may be removed to federal court so long as the jurisdictional requirements are satisfied. *Commercial Metals, supra*, 577 F.2d at 269; *Robert Lawrence, supra*, [271 F.2d at 406; *Warren Bros. Co. v. Community Bld'g Corp. of Atlanta, Inc.*] 386 F.Supp. [656] at 663. [(M.D.N.C.1974)] *Id.*

The Court has already indicated that as a matter of law this is a case of maritime jurisdiction. (See footnote 5 *supra*).

Charters' has moved this Court pursuant to 28 U.S.C. § 1333, which confers jurisdiction. Further, it is well-settled that not only can this Court, after jurisdiction is properly vested, stay other federal causes of action, but that stays of the state court, either inherently through the Arbitration Act or 28 U.S.C. § 2283 permits such stays as well. *See A.L. Williams & Associates, Inc. v. McMahon*, 697 F.Supp. 488 (N.D.Ga. 1988); *Pervel Industries, Inc. v. TM Wallcovering, Inc.*, 675 F.Supp. 867 (S.D.N.Y. 1987), *aff'd* 871 F.2d 7 (2d Cir.1989); *Blount Bros. Corp. v. M.K. Steel, Inc.*, 524 F.Supp. 1037 (N.D.Ala.1981); *Necchi Sewing Mach. Sales Corp. v. Carl*, 260 F.Supp. 665 (S.D.N.Y.1966); *Cf. Hearing Aid Association of Kentucky, Inc. v. Bullock*, 413 F.Supp. 1032, 1035 (D.C.Ky.1976). Therefore, with jurisdiction properly vested within this Court and with this Court's ability to stay Florida court proceedings, the two remaining questions concern whether there was an agreement to arbitrate as well as defendant's "waiver" argument.

■ The necessity that there first be evidence of a writing in order to bind the parties to arbitration has best been explained in *Janmort Leasing, Inc. v. Econo–Car International, Inc.*, 475 F.Supp. 1282, 1288 (E.D.N.Y.1979) wherein it was stated:

Although federal policy strongly favors consensual arbitration, *see Belk v. Allied Aviation Co. of New Jersey*, 315 F.2d 513 (2 Cir.), *cert. denied*, 375 U.S. 847, 84 S.Ct. 102, 11 L.Ed.2d 74 (1963); *Penalver v. Compagnie de Navigation Frutiere*, 428 F.Supp. 1070 (E.D.N.Y.1977), it is axiomatic that "[a] written agreement for arbitration is the sine qua non of an enforceable arbitration" under the Arbitration Act. *Garnac Grain Co. v. Nimpex International, Inc.*, 249 F.Supp. 986 (S.D.N.Y.1966). More accurately stated, the threshold question presented by a motion to compel arbitration is whether the contract between the parties to the controversy embodies a clause providing for arbitration. *Bigge Crane and Rigging Co., [v. Docutel Corporation] supra*, 371 F.Supp. [240] at 243 [ (E.D.N.Y.1973) ].

Moreover, the question of whether a controversy is arbitrable under the contract is a question for the Court to decide upon the examination of the contract. *Siam Feather*, at 241 *citing International Union v. Benton Harbor Malleable Industries*, 242 F.2d 536 (6th Cir.1957) *cert. denied*, 355 U.S. 814, 78 S.Ct. 15, 2 L.Ed.2d 31 (1957); *Atkinson v. Sinclair Refining Co.*, 370 U.S. 238, 241, 82 S.Ct. 1318, 1320, 8 L.Ed.2d 462 (1962); *Local 205, IEU v. General Electric Co.*, 233 F.2d 85, 101 (1st Cir. 1956), *aff'd*, 353 U.S. 547, 77 S.Ct. 921, 1 L.Ed.2d 1028 (1957); *International Brotherhood of Teamsters, Local 249 v. Western Pennsylvania Motor Carriers Ass'n*, 574 F.2d 783, 787 (3rd Cir.1978), *cert. denied*, 439 U.S. 828, 99 S.Ct. 102, 58 L.Ed.2d 122 (1978). *See also Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc.*, 473 U.S. 614, 105 S.Ct. 3346, 87 L.Ed.2d 444 (1985). This Court adopts the test pronounced by the Honorable Robert J. Ward of the United States District Court where in *Creative Securities Corp. v. Bear Stearns & Co.*, 671 F.Supp. 961 (S.D.N.Y.1966) he stated:

When considering a motion to stay proceedings and compel arbitration under the Act, a court has four tasks: first, it must determine whether the parties agreed to arbitrate; second, it must determine the scope of that agreement; third, if federal statutory claims are asserted, it must consider whether Congress intended those claims to be nonarbitrable; and fourth, if the court concludes that some, but not all, of the claims in the action are subject to arbitration, it must determine whether to stay the remainder of the proceedings pending arbitration.

*See Compuserve, Inc. v. Vigny International Finance, Ltd.*, 760 F.Supp. 1273, 1278 (S.D.Ohio 1990).

■ The Charter Party Agreement between Alison Reed, Agent, and Virginia Thomas (Charters' Exhibit A attached to their Petition) contains Item Number 16 the following:

Any controversy or claim arising out of or relating to this Agreement, or the breach thereof, shall be settled by arbi-

tration in accordance with the Rules of the American Arbitration Association, said arbitration to be held in the City and State of the Owner's residence, unless another place is mutually agreed upon. Judgment upon any award reached by arbitration by the Arbitrator(s) may be entered in any Court of said State having jurisdiction hereof.

Defendant makes reference, within their Florida Court filings, that Charters' repeatedly denied the legitimacy of the contract asserted in Exhibit A. This is a mischaracterization of Charters' Answer(s). Specifically, Charters' admits that they authorized Reed to arrange on their behalf a charter agreement with the Charterer identified in Reed's Complaint. They thereafter deny any other provision relating thereto. (See Charters' Answer, Amended Answer, and Answer, Affirmative Defenses, and Counterclaim to Amended Complaint). As to other remaining claims made by Reed, Charters' has consistently plead and tried to actively pursue their contractual remedy of arbitration. Charters has plead that there was no breach of the contract, but has also maintained that any such "breach" was entitled to arbitration. This Court finds that the agreement between the parties constitutes a writing which requires arbitration. The parties all agree that Alison Reed was acting with the tacit approval of Charters in entering the Charter Agreement between Reed and Thomas. Specifically contained therein is clause 16 requiring disputes to be arbitrated. Therefore, for purposes of finding a writing which requires arbitration for any breach, this Court finds that the Charter Agreement between Reed and Thomas signed April 14, 1988, meets the prerequisites of the Arbitration Act. Inasmuch as this Court has proper jurisdiction, that this Court can stay and enforce the arbitration clause against Florida state tribunals, and that as a matter of law this Court finds that the agreement constitutes a writing needed to invoke the Arbitration Act, the only remaining issue is defendant's waiver argument.

The right to stay proceedings and compel arbitration may be waived by the actions of a party which is completely inconsistent with any reliance thereon. *Germany v. River Terminal Railway Co.,* 477 F.2d 546, 547 (6th Cir.1973); *see also Janmort Leasing* at 1290; *Marvin Hayes Lines, Inc. v. Central States Southeast and Southwest Areas Pension Fund,* No. 3–84–0906, 1985 WL 6087 (M.D.Tenn. July 29, 1985) (Lexis Genfed Library, Dist. File). "However, waiver may not be inferred from the fact that a party does not rely exclusively on the arbitration provisions of the contract, but attempts to meet all issues raised in litigation between it and another party to the agreement." *Germany* at 547. Any issue of waiver must be conducted in a light of the strong federal policy favoring arbitration. *Siam Feather,* at 242; *Moses H. Cone,* 460 U.S. at 24–25, 103 S.Ct. at 941–942. Where a party raises its arbitration right as an affirmative defense, the party seeking to prove a waiver has a heavy burden. *Ohio–Sealy Mattress Manufacturing, Co. v. Kaplan,* 712 F.2d 270, 273 (7th Cir.1983); *Accord, Sweater Bee by Banff, Ltd. v. Manhattan Indus., Inc.,* 754 F.2d 457, 464 (2d Cir.1985) *citing Ohio–Sealy,* at 273. Yet, in order to determine whether a party has defaulted in proceeding with arbitration, thereby waiving the arbitration agreement, the court must analyze all the facts and circumstances. *Ohio–Sealy,* at 272. Prejudice and delay are significant factors the court must consider in applying the default provisions of section 3 of the Federal Arbitration Act, 9 U.S.C. § 3. *Id. see also Sweater Bee,* at 463 *citing ITT World Communications, Inc. v. Communications Workers,* 422 F.2d 77, 82–83 (2d Cir.1970); *Lubrizol International, S.A. v. M/V Stolt Argobay,* 562 F.Supp. 565, 572–573 (S.D.N.Y.1982). In *Carcich v. Rederi, A/B Nordie,* 389 F.2d 692, 696 (2d Cir.1968) (citations omitted) it was stated:

[as] an abstract exercise in logic it may appear that it is inconsistent for a party to participate in a lawsuit for breach of a contract, and later to ask the court to stay that litigation pending arbitration. Yet the law is clear that such partic-

ipation, standing alone, does not constitute a waiver.

A third party defendant who filed an answer to a counterclaim alleging the claim was subject to arbitration did not waive despite the fact the party claiming arbitration did not move for a stay for almost two years while the principal suit was pending. *Id.* at 694. A party may file an answer and counterclaims without waiving its right to arbitration. *Siam Feather*, at 242–243. Finally, where from the commencement of litigation, a party had consistently taken the position that arbitration would be necessary and had joined in motion to stay all proceedings pending arbitration, its filing of responsive pleadings, including an asserted cross-claim against a party with which it sought arbitration, did not amount to a waiver. *Universal Marine Ins. Co., Ltd. v. Beacon Insurance Co.*, 588 F.Supp. 735, 737 (D.C.N.C.1984). *Accord Romnes v. Bache & Co., Inc.*, 439 F.Supp. 833 (D.C. Wis.1977).

■ Nothing within these facts can constitute a waiver by Charters of its right to arbitration per the contract. Charters has consistently plead throughout the Florida proceedings for their right to arbitration. They have attempted to get a stay through two Florida tribunals. In being denied their request for a stay in Florida, the Florida courts have not offered any written opinion nor guidance for their actions, and in fact it must be inferred that the Florida tribunals have not addressed the underlying merits of the dispute between the parties. As such, it cannot be said that defendant Reed has or will suffer any prejudice by being required to arbitrate this matter. She specifically entered into a Charter Agreement requiring arbitration to "any controversy or claim arising out of this Agreement." Section 13 of the agreement specifically entitles Reed to a brokerage fee or commission. Reed cannot allege to-

day that her claim for further brokerage fees is unrelated to the Charter Agreement. Therefore, this matter must proceed to arbitration. No waiver has commenced against Charters. With this Court's full understanding of the strong federal policy in favor of arbitration when the parties have mutually agreed to utilize it for their disputes, absent a knowing and legitimate waiver, arbitration must be ordered.

Wherefore upon being duly advised, IT IS THE ORDER of this Court that this matter is hereby stayed pending arbitration. (See this Court's previous Order dated February 6, 1991). Further, it is also the ORDER of this Court that the parties proceed to arbitration in Columbus, Ohio, utilizing the rules and language contained within section 16 of the Charter Agreement.[6]

IT IS SO ORDERED.

---

6. By Affidavit and testimony of Herbert H. Grossman, President and Director of H & M Charters, the principle place of business is Columbus, Ohio. Item 16 of the Charter Agreement requires the arbitration to take place in the City and State of Owner's residence. Pursuant to 28 U.S.C. § 4, this Court has the power to

compel arbitration in agreements selecting a particular forum. *See Cowden Mfg. Co. v. Koratron Co.*, 422 F.2d 371, 372 (6th Cir.1970), *cert. denied*, 398 U.S. 959, 90 S.Ct. 2173, 26 L.Ed.2d 544 (1970); *Snyder v. Smith*, 736 F.2d 409, 418–20 (7th Cir.1984).