NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 09a0126n.06
Filed: February 12, 2009

No. 07-2300

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| GREGORY MANASHER and FRIDA SIROTA, | : | |
| | : | |
| Plaintiffs-Appellees, | : | |
| | : | ON APPEAL FROM THE |
| v. | : | UNITED STATES DISTRICT COURT |
| | : | FOR THE EASTERN DISTRICT OF |
| NECC TELECOM, | : | MICHIGAN |
| Defendant-Appellant. | : | |

**BEFORE: BOGGS, Chief Judge; CLAY, Circuit Judge; BERTELSMAN, District Judge.**[*]

**BERTELSMAN, District Judge:**

Defendant-appellant NECC Telecom ("NECC") appeals the district court's denial of its

motion to compel arbitration under the Federal Arbitration Act, 9 U.S.C. § 1 et seq.[1] Because we

hold NECC waived any agreement to arbitrate by its delay in seeking its enforcement, and

because we hold that the amended complaint did not revive NECC's right to compel arbitration,

---

[*]The Honorable William O. Bertelsman, United States District Judge for the Eastern District of Kentucky, sitting by designation.

[1]The district court did not address the issue of waiver in its decision to deny NECC's motion to compel arbitration. Because the issue was raised before the district court and the parties had an opportunity to brief it, we have addressed it here. *See S.E. v. Grant County Bd. Of Educ.*, 544 F.3d 633, 639 (6th Cir. 2008) (quoting *Graoch Assocs. #33, L.P. v. Louisville/Jefferson County Metro Human Relations Comm'n*, 508 F.3d 366, 371 (6th Cir. 2007)).

we affirm the district court.[2]

NECC is an international and domestic long-distance telephone service provider. The plaintiffs allege that NECC's telemarketers solicited them and made promises regarding NECC's rates and charges for long-distance telephone services. Based upon these oral representations, the plaintiffs selected NECC as their long-distance provider. After they began receiving invoices for NECC's services, the plaintiffs noticed that NECC was assessing charges that were inconsistent with the telemarketers' representations.

On January 31, 2006, the plaintiffs filed their complaint in the Michigan Circuit Court for Wayne County against NECC, asserting state law claims on behalf of a class of consumers for improper and unlawful billing practices. On February 17, 2006, the defendant removed the action to the United States District Court for the Eastern District of Michigan. On February 27, 2006, the defendant filed its answer, but did not assert arbitration as an affirmative defense. Thereafter, the parties engaged in discovery and participated in motion practice, including motions to certify the class and to amend the complaint.

On December 8, 2006, the district court granted plaintiffs' motion to amend their complaint. The plaintiffs' first amended complaint, filed December 12, 2006, was premised upon the same facts and transactions as the original complaint, but added two new claims: 1) violations of the Federal Communications Act of 1934 and the Federal Communications Commission's Truth-in-Billing Act; and 2) unjust enrichment.

On January 30, 2007, a year after the plaintiffs filed their original complaint, the

---

[2] Having held that NECC waived its arbitration rights, we need not address whether the trial court erred in finding, as a matter of law, that the parties had not entered into an agreement to arbitrate.

defendant filed a motion to compel arbitration, asserting for the first time that the claims raised by the plaintiffs were subject to an arbitration provision incorporated by reference into their agreement. The plaintiffs filed a response, asserting, among other reasons, that the defendant had waived its right to arbitration.[3]

This court has previously held that a party can waive its agreement to arbitrate, stating:

"[a]n agreement to arbitrate may be waived by the actions of a party which are completely inconsistent with any reliance thereon." *Germany v. River Terminal Ry. Co.*, 477 F.2d 546, 547 (6th Cir. 1973) (per curiam). Although a waiver of the right to arbitration is "not to be lightly inferred," *MicroStrategy, Inc. v. Lauricia*, 268 F.3d 244, 249 (4th Cir. 2001) (internal quotation marks omitted), a party may waive the right by delaying its assertion to such an extent that the opposing party incurs actual prejudice. *Doctor's Assocs., Inc. v. Distajo*, 107 F.3d 126, 131 (2d Cir. 1997) (recognizing that a party waives the right to arbitrate where it delays the invocation of that right to the extent that the opposing party incurs "unnecessary delay or expense")(internal quotation marks omitted).

*Gen. Star Nat'l Ins. Co. v. Administratia Asigurarilor de Stat*, 289 F.3d 434, 438 (6th Cir. 2002) (alterations in *Gen. Star Nat'l Ins. Co.*). *See also O.J. Distrib., Inc. v. Hornell Brewing Co., Inc.*, 340 F.3d 345, 356 (6th Cir. 2003) (following *Gen. Star Nat'l Ins. Co.*).

We hold, under the facts of this case, that NECC waived whatever right to arbitrate it may have had by failing to plead arbitration as an affirmative defense and by actively participating in litigation for almost a year without asserting that it had a right to arbitration. NECC's conduct was "completely inconsistent with its reliance thereon" and caused the plaintiffs to suffer prejudice through unnecessary delay and expense. *Gen. Star Nat'l Ins.*, 289 F.3d at 438.

The defendant argues that the amended complaint sufficiently changed the facts and

---

[3]We note that Federal Rule of Civil Procedure 8(c) requires a defendant to plead arbitration as an affirmative defense in its answer or it will generally be deemed waived. Fed. R. Civ. P. 8(c). *See Seals v. General Motors Corp.*, 546 F.3d 766, 770 (6th Cir. 2008); *Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1445 (6th Cir. 1993).

claims asserted by the plaintiffs in their original complaint such that it revived its right to compel arbitration. We disagree.

The amended complaint, in the case at bar, did not substantially alter the scope or theory of the case such that it created new and different issues.[4] Instead, in the amended complaint, the plaintiffs continued to assert that the defendant charged, billed and collected improper fees for long-distance services, and more specifically spelled out the factual basis for their claims. In the amended complaint, the plaintiffs asserted two new claims: 1) a state law claim for unjust enrichment; and 2) a federal claim under the Federal Communications Act of 1934 and the Federal Communications Commission's Truth-in-Billing Act. The two new claims, however, are still directed toward plaintiffs' challenge to NECC's billing practices. The Communications Act and Truth-in-Billing Act provide a claim against a telephone service provider for "unjust and unreasonable" practices and "set[] standards for bills for telecommunications service." 47 U.S.C. §§ 201(b), 206 and 207; 47 C.F.R. § 64.2401. Thus, these new claims did not substantially change the theory or scope of the plaintiffs' claims.

Accordingly, we hold that the additional claims contained in the amended complaint did not substantially alter the scope or theory of this matter in such a way as to revive the defendant's right to compel arbitration, which we hold the defendant waived by its prejudicial conduct of

---

[4]The cases cited by the defendant are distinguishable from the case at bar. *See Sovak v. Chugai Pharm. Co.*, 280 F.3d 1266, 1269-70 (9th Cir. 2002) (court found no waiver of right to arbitration of new claims asserted in third amended complaint by defendant's successful move to have second amended complaint dismissed for failure to state a claim); *Britton v. Co-op Banking Group*, 916 F.2d 1405, 1412 (9th Cir. 1990) (no evidence that defendant knew he had right to compel arbitration and pre-trial conduct not inconsistent with pursuit of arbitration); *Brown v. E.F. Hutton & Co., Inc.*, 610 F. Supp. 76, 78 (S.D. Fla. 1985) ( no waiver of second complaint because it greatly expanded factual allegations in case).

waiting one year before it sought to compel arbitration and also by its inconsistent conduct of actively litigating this matter in the district court.

For the reasons discussed above, the district court's denial of the defendant's motion to compel arbitration is **AFFIRMED**.