OPINION
{¶ 1} Plaintiffs-Appellants, Thomas and Kathy Lear ("Appellants"), bring this appeal from a Hancock County Common Pleas Court decision staying the claims against Defendant-Appellee, Rusk Industries, Inc. d/b/a Everdry Waterproofing ("Everdry"), pending arbitration. Because Appellants failed to produce evidence that they were denied any realistic opportunity to bargain or could not have obtained the services elsewhere, the contract at issue herein is not one of adhesion. Therefore, due to the broad language of the contract's arbitration provision, the trial court did not err in staying Appellants' claims pending arbitration.
 {¶ 2} Facts and procedural posture pertinent to the issues on appeal are as follows. In April 2000, Appellants requested Everdry to conduct a free inspection of their home because they noticed standing water in both their backyard and the crawl space under their residence. After inspection, an Everdry representative recommended repairs to alleviate the moisture problem and quoted Appellants a price of $11,000. Appellants decided the quote was too high and proceeded to discuss the problems with competing companies.
 {¶ 3} Thereafter, Appellants agreed to have Everdry inspect their home a second time and eventually signed a contract after negotiating a price reduction. The contract was signed by Appellants at their home and contained a three-day right of rescission period and also included an arbitration clause. Testimony before the trial court reveals that Appellants read the contract, and the provisions were explained prior to their signing.
 {¶ 4} Everdry completed the work in May 2000. Thereafter, Appellants allegedly learned that the repairs provided by Everdry were not necessary to address what they claim was an overstated moisture problem. Moreover, water continued to accumulate in their backyard. Consequently, Appellants hired another company to address the problem.
 {¶ 5} Based upon the additional expenditures and their assertion that Everdry utilized scare tactics to induce them to enter the contract, Appellants filed a complaint in the Hancock County Common Pleas Court, alleging negligent workmanship, fraudulent inducement, and violations of the Ohio Consumer Sales Practices Act. Thereafter, Everdry filed a motion to stay the case pending the outcome of arbitration as per the contract terms, and Appellants submitted a memorandum in opposition. After conducting a hearing on the matter, the trial court granted Everdry's motion and stayed the case pending arbitration.
 {¶ 6} From this decision, Appellants appeal, asserting two assignments of error for our consideration.
 Assignment of Error I {¶ 7} "The trial court erred in granting Appellee's Motion to Stay Case Pending Arbitration, where the claims of Appellants were based upon negligent workmanship, fraudulent inducement and violation of the Ohio Consumer Sales Practices Act, and not upon a `controversy or claim arising out of or relating to the contract, or the breach thereof', thereby rendering the mandatory arbitration clause in such contract irrelevant and unenforceable."
 {¶ 8} In their first assignment of error, Appellants contend that none of their claims arise from or relate to their contract with Everdry, concluding that the arbitration agreement contained therein is inapplicable. As a preliminary matter, we set forth the appropriate standard for reviewing a trial court's application of R.C. Chapter 2711, Ohio's Arbitration Act. Nothing therein indicates that a special or different standard governs review of a trial court decision under the Act. Rather, review of trial court determinations as to whether proceedings should be stayed pursuant to the parties' agreement to submit their disputes to arbitration, should proceed like review of any other court decision finding an agreement between parties, i.e., accepting findings of fact that are not "clearly erroneous" but deciding questions of law de novo.[1]
 {¶ 9} Ohio and federal courts encourage arbitration to settle disputes.[2] Our General Assembly also favors arbitration, as indicated by R.C. 2711.02, which requires a court to stay an action if any issue involved falls under an arbitration agreement.[3] "[A]s a matter of law, any doubts [or ambiguities] concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability."[4] Moreover, "a clause in a contract providing for dispute resolution by arbitration should not be denied effect `unless it may be said with positiveassurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute[.]'"[5]
 {¶ 10} The arbitration agreement herein provides that "[a]ny controversy or claim arising out of or relating to this contract, or the breach thereof, shall be settled by arbitration * * *."[6] Appellant's maintain that their claims for fraudulent inducement, negligent workmanship, and violations of the Ohio Consumer Sales Practices Act neither arise from nor relate to the contract. Notably, however, Appellants do not contend that the arbitration provision itself is invalid. We acknowledge that parties to a contract cannot be required to submit to arbitration those disputes that they have not agreed to submit to arbitration.[7] However, the claims asserted by Appellants, in light of a contract containing such a broad arbitration clause, is a question for arbitrators and not for the court.[8] Clearly, at least Appellants' claims for negligent workmanship relate to the contract herein, without which their assertions would not have arisen.
 {¶ 11} As such, Appellant's first assignment of error is overruled.
 Assignment of Error II {¶ 12} "The Trial Court erred in granting Appellee-Appellee's [sic] Motion to Stay Pending Arbitration where the contract requiring arbitration was a contract of adhesion for services that were for necessities, and enforcement of the arbitration provision would be unconscionable."
 {¶ 13} Alternatively, Appellants argue in their second assignment of error that even if this Court determines that their claims are subject to arbitration, the arbitration provision should not be enforced on equitable grounds. Specifically, Appellants maintain that their contract with Everdry was one of adhesion and, therefore, unconscionable. We disagree.
 {¶ 14} An adhesion contract exists when a party with "little or no bargaining power is required to submit to terms to which he has no realistic choice."[9] Such contracts generally refer to instances were one party is offered goods or services on essentially a "take it or leave it" basis without a realistic opportunity to bargain, and the consumer must either acquiesce in the terms of a form contract or forego obtaining the services.[10]
 {¶ 15} Appellants attempt to buttress their claim by asserting that the contract was for necessities. The facts, however, demonstrate that Appellants not only refused Everdry's initial offer, but they also consulted competing businesses. Only after realizing that Everdry had the lowest prices and then further negotiating a price reduction, did Appellants sign the contract. Moreover, Appellants did not inquire as to whether any other terms of the contract could be modified, and testimony indicates that the terms could be altered by the company president. Furthermore, the contract provisions were discussed prior to signing, and Appellants did not utilize the three-day right of rescission period. By their own testimony, they admit to having alternative avenues for completion of the repairs. Appellants have failed to produce evidence that they were denied any realistic opportunity to bargain or that they could not have obtained the services elsewhere. Therefore, we find that the contract at issue was not a contract of adhesion. Accordingly, Appellant's second assignment of error is without merit and is overruled.
 {¶ 16} Having found no error prejudicial to Appellants herein, in the particulars assigned and argued, the judgment of the trial court is affirmed.
Judgment affirmed.
 HADLEY, J., concurs.
[1] Garcia v. Wayne Homes, LLC (Apr. 19, 2002), Clark App. No. 2001 CA 53, 2002-Ohio-1884.
[2] ABM Farms, Inc. v. Woods (1998), 81 Ohio St.3d 498, 500,1998-Ohio-612, citing Kelm v. Kelm (1993), 68 Ohio St.3d 26, 27; Garcia,supra.
[3] Emphasis added. See ABM Farms, Inc., 81 Ohio St.3d at 500.
[4] Garcia, supra, quoting Moses H. Cone Mem. Hosp. v. Mercury Const.Corp. (1983), 460 U.S. 1, 24-25. See, also, Volt Information Sciences,Inc. v. Leland Stanford Junior Univ. Bd. of Trustees (1989), 489 U.S. 468,476.
[5] Gibbons-Grable Co. v. Gilbane Bldg. Co. (1986), 34 Ohio App.3d 170,173, quoting Siam Feather Forest Products Co. v. Midwest FeatherCo. (S.D.Ohio 1980), 503 F. Supp. 239, 241. See, also, Monahan v.Schumacher Homes, Inc. (Nov. 13, 2001), Stark App. No. 2001CA00168, 2001-Ohio-1789.
[6] Emphasis added.
[7] Garcia, supra, citing ATT Technologies, Inc. v. CommunicationsWorkers of Am. (1986), 475 U.S. 643, 648.
[8] See Prima Paint Corp. v. Flood Conklin Mfg. Co. (1967),388 U.S. 395, 403-405; ABM Farms, Inc., 81 Ohio St.3d at 501.
[9] Marcinko v. Palm Harbor Homes, Inc. (June 21, 2002), Pike App. No. 01CA677, 2002-Ohio-3313, at ¶ 18, citing Nottingdale Homeowner'sAssn., Inc. v. Darby (1987), 33 Ohio St.3d 32, 37, fn. 7.
[10] O'Donoghue v. Smythe, Cramer Co. (July 3, 2002), Cuyahoga App. No. 80453, 2002-Ohio-3447, at ¶ 25-26, citing Black's Law Dictionary (5 Ed. Rev. 1979) 38.